WILLIAM A. BURKE, APPELLEE, V. DAVID C. DENDINGER, APPELLANT.

FILED JANUARY 16, 1931. No. 27446.

Q. *Scott Millard, McCarthy & McCarthy* and *C. W. Peasinger,* for appellant.

*H. E. Burkett, contra.*

Heard before GOSS, C. J., ROSE, DEAN, THOMPSON, EBERLY and DAY, JJ.

EBERLY, J.

This is an appeal from a judgment for damages in favor of the plaintiff, appellee herein, and against the defendant, appellant herein, growing out of an assault charged by the former to have been committed by the latter. There was trial to a jury; verdict for $1,000 awarded against defendant; motion for new trial overruled; and judgment entered upon the verdict. Thereafter, the defendant failing to supersede under section 20-1916, Comp. St. 1929, execution was issued to the sheriff of Cedar county who, armed with his writ, enforced payment by the judgment debtor prior to the filing of the transcript on appeal in this court. This payment, however, was made by the judgment debtor to prevent seizure and sale of his property.

Thereafter, in due course, the defendant perfected his appeal to this court. The plaintiff, appellee, challenges the right of appellant to be now heard in this tribunal because

of the fact that the judgment appealed from has been fully satisfied.

This court is not in agreement with this contention. Our jurisdiction in this case is based upon the filing, as provided by law, of the transcript of proceedings of the district court containing the judgment sought to be reversed. Comp. St. 1929, sec. 20-1912. Supersedeas of judgments on appeal, it is true, is provided for by section 20-1916, Comp. St. 1929, but the terms of this section do not expressly make a compliance with the provisions thereof a prerequisite to review by this tribunal, nor does that result follow as a necessary implication.

Section 24, art. I of the Constitution, provides: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." All provisions of our laws relating to the subject of appeals or error proceedings must be read in the light of the constitutional provision quoted. Indeed, under the provisions of our Code of Practice, in many civil cases prompt compliance with the supersedeas statute would be wholly ineffective to secure the right of appeal, if appellee's contention is true, that a judgment must be superseded so as to justify appellate proceedings, and that satisfaction of a judgment by process of lawful execution destroys the right of review. Section 20-1934, Comp. St. 1929, expressly provides: "In an action arising on contract for the payment of money only, notwithstanding the execution of an undertaking to stay proceedings, if the defendant in error or appellee give adequate security to make restitution in case the judgment is reversed or modified, he may upon leave obtained * * * proceed to enforce the judgment." Then, too, section 20-1541, Comp. St. 1929, plainly contemplates the existence of a right of review of a judgment after its due enforcement by execution. So it would seem that, in view of the express provisions of our statutes, as well as the necessary implication which the terms thereof justify, under the facts in this case the defendant's right of appeal was in no manner prejudiced by the coerced payment made in the manner disclosed by the evidence. Indeed, we are

expressly committed to the rule that—"A motion of an appellee to dismiss an appeal because of the payment by appellant of the judgment from which an appeal had been taken must be overruled when it is shown that such payment was not voluntary, but was made to avoid a sale of appellant's property on an execution issued for the satisfaction of the aforesaid judgment." *Green v. Hall*, 43 Neb. 275.

The conclusion follows that the motion of appellee to dismiss this appeal is overruled.

On consideration of the merits, we find there are three questions presented. After a careful consideration of the record, and in the light of the same as an entirety, we have reached these conclusions: (1) That on the question of self-defense the instructions of the trial court as given are approved, and that no error was committed by the trial court in refusing to give the instructions tendered; (2) that the action of the trial court in excluding evidence of the previous altercation between the parties to this lawsuit, which occurred on May 11 prior to the assault here in controversy, was proper; (3) that the evidence in the record is ample to sustain the verdict of the jury in favor of the plaintiff, as well as the amount therein awarded.

It follows, therefore, that the judgment entered in this case is right, and it is

AFFIRMED.