[No. 3570.   July 3, 1931.]

HART et al. v. WALKER et al.

[2 Pac. (2d) 1074.]

James A. Hall, of Clovis, and A. T. Hannett, of Albuquerque, for appellants.

Perkins L. Patton, of Clovis, for appellees.

## OPINION OF THE COURT

BICKLEY, C. J.

The plaintiffs appellees, heirs at law of C. S. Hart, deceased, maintained this action for the purpose of canceling their deed of conveyance of certain land to defendant B. B. Walker, one of appellants, on the ground that the conveyance was induced by the fraud of said defendant. Judgment was entered by the trial court canceling the deed of conveyance and decreeing title in plaintiffs, from which judgment and decree the defendant appealed.

The case arose out of the winding up of the affairs of the estate of said C. S. Hart. The plaintiffs and the administrator of the estate of C. S. Hart had previously maintained suit No. 3794 against defendant B. B. Walker and Citizens' Bank of Clovis, seeking the enforcement of a trust, alleging that certain moneys on deposit in the said bank were the property of the C. S. Hart estate, and

that defendant was about to withdraw and apply it to his own use, and praying that he be restrained from so doing. The plaintiffs in that suit prevailed.

The first claim of error urged by appellants, on this appeal is that the judgment rendered in said cause No. 3794 is res judicata as to the cause of action involved in this appeal.

The argument of appellants is that the facts gave rise to one cause of action, and that the rule against splitting a cause of action is applicable, and that, appellees having split, the second action should have been abated upon the plea of defendants made to that end. It is stated in the brief of appellants that plaintiffs contended in the trial court that, under our statutes, real estate of a decedent passes directly to his heirs, and that therefore there is a distinction between an action brought for the recovery of property by an administrator of the decedent's estate, even though his heirs are joined with him as parties plaintiff and an action by the heirs of the decedent involving the title to real estate of which decedent died seized. See Hunecke v. Dold, 7 N. M. 14, 32 P. 45; Smith v. Steen, 20 N. M. 436, 150 P. 927.

They do not deny that such has been recognized as the law in New Mexico, but they contend that a different rule was established by section 10 of chapter 179 of the Laws of 1921, section 141-1110, 1929 Comp., and support their argument by citation to Barka v. Hopewell, 29 N. M. 166, 219 P. 799, as holding that, by reason of this statute, it is the duty of the administrator to inventory "all real and personal property of the deceased." The title of the act cited is as follows:

"An Act Providing for a Succession Tax, Fixing the Rate Thereof, Providing the Method for the Appraials of Decedents Estates, for the Collection of Such Tax and Repealing Chapter 122 of the Session Laws of 1919, Being an Act Relating to the Same Subject Matter and Section 2246 New Mexico Statutes, Annotated, Codification 1915, Relating to Inventories of Executors and Administrators, and to Repeal All Inconsistent Legislation."

We think said section 10 was designed to aid in the administration of the succession tax law, and does not have the effect claimed by appellants for it in this case.

In the face of a statute requiring an executor or administrator to inventory real estate of the deceased, the Supreme Court of Wisconsin held that such real estate descends to heirs immediately on the death of the owner, subject to debts of owner and in proper cases to discharge of specific legacies. See Neelen v. Holzhauer, 193 Wis. 196, 214 N. W. 497, 53 A. L. R. 359. That court also held in the same case:

"Where assets of estate were amply sufficient to discharge expenses of administration, debts, and specific legacies, the administrator de bonis non had no right to, or interest in, real estate, and hence could not properly maintain suit to cancel conveyance by deceased, fraudulently procured."

In Smith v. Steen, supra, we held:

"Upon the death of the ancestor, title to the personal property passes direct to the personal representatives, and hence the heirs and legatees have no right of possession thereto until the close of the administration, except as otherwise derived through the personal representatives by distribution, or in other lawful ways."

So it would seem that the plaintiffs in the case at bar could not alone have maintained the action to declare a trust as to the funds in the bank, and the administrator, who was the essential party plaintiff in that action, could not have maintained the case at bar to cancel a deed which the heirs of the deceased claiming title had been fraudulently induced to execute. Furthermore, the wife of defendant B. B. Walker was named as a party defendant in the case at bar, for the reason, it is urged, that, if defendant acquired title to the property, his wife had a community interest therein. It is claimed by appellants that Mrs. Walker is not a necessary party to this action, although in her answer she admitted claiming an interest in the real estate involved, because:

"New Mexico is a community property state; that the deed of conveyance relied upon by the defendants does not contain her name, and she does not herself claim title to the land involved, the record title and the deed of conveyance being in the name of her husband, B. B. Walker."

We find sufficient lack of identity of parties and subject-matter in the two suits to make it unnecessary to decide this interesting question.

Without attempting an elaborate discussion, we think it sufficient to say that, viewing the matter from the standpoint of the facts and the tests laid down in 1 R. C. L. "Actions," §§ 22-35, and 15 R. C. L. "Judgments," § 440, we are of the opinion that the trial court committed no error in refusing to abate the case at bar.

The sole remaining point relied upon for reversal is thus stated by appellants:

"The evidence is not sufficient to support the findings and judgment made by the court and the court erred in rendering such judgment and in overruling the Requested Findings of Fact and law tendered by defendants."

We have carefully considered the record and hold that the findings of the trial court are supported by substantial evidence, and these claims of errors are without merit.

The judgment of the district court should be affirmed, and the cause remanded, and it is so ordered.

WATSON and HUDSPETH, JJ., concur.

PARKER and SADLER, JJ., did not participate.