28 P.(2d) 517

HART et al. v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, of LONDON, ENGLAND.

No. 3842.

Supreme Court of New Mexico.

Nov. 29, 1933.

Carl A. Hatch, of Clovis, for appellant.

Hockenhull & Mayes and Perkins L. Patton, all of Clovis, for appellees.

WATSON, Chief Justice.

May Walker Hart and others recovered judgment against B. B. Walker and Lina Walker, canceling a warranty deed and awarding possession of certain land "from and after the date of the rendition and entry of this decree."

Having appealed, the Walkers filed a supersedeas bond, so entitled, in the penal sum of $3,000, executed by them as principals, and by the Employers' Liability Assurance Corporation as surety, reciting the appeal, and conditioned to "prosecute their said appeal with effect and answer all damages and costs if they fail to make good their plea."

The judgment was affirmed. Hart et al. v. Walker et al., 35 N. M. 465, 2 P.(2d) 1074. Thereupon this suit was commenced upon the bond, claiming as damages the reasonable rental value of the land for the period during which plaintiffs were kept out of possession by the supersedeas. Judgment went against the principals and the surety. The latter has appealed.

The point relied upon for reversal is that the court erred in overruling appellant's demurrer to the complaint.

The points argued are: First, that the bond prescribed by statute does not embrace liability for rents and profits; second, that the bond in suit does not embrace such liability, and, most liberally construed, creates an obligation no greater than that of the statutory bond; and, third, if it should be construed as embracing liability for rents and profits by its terms, it imposes a greater liability than that of the statutory bond and is void as to such excess.

The judgment superseded having been "for a recovery, other than a fixed amount of money," the condition prescribed by statute is to "prosecute such appeal * * * with due diligence * . * * and * * * if the decision * * * be affirmed * * * [to] comply with the judgment of the district court and pay all damages and costs adjudged against him in the district court and in the supreme court on such appeal or writ of error." 1929 Comp. St. § 105-2513; N. M. App. Proc. Rule 7, § 1.

Appellant observes that, "the order allowing a supersedeas" not being in the record, we should presume that it directed the giving of a bond conditioned as required by the statute. Here is a misapprehension. We cannot presume any such order, because it was not the business of the court to *allow* a supersedeas. This is not a case of discretionary supersedeas within the enumeration of the statute. 1929 Comp. St. § 105-2515; N. M. App. Proc. Rule 7, § 3. It is not a prohibitory injunction. Sena v. District Court, 30 N. M. 505, 240 P. 202. So far as we are advised, *in a case of this kind the court's duty is merely to fix the amount of the bond. The statute itself then effects the supersedeas.* Id. Clark v. Rosenwald, 30 N. M. 175, 230 P. 378. In Mundy v. Irwin, 19 N. M. 170, 141 P. 877, 878, we said: "In the absence of a supersedeas bond, appellee is entitled to * * * the possession of the land. * * *"

McDonald v. Norris, 29 N. M. 240, 222 P. 902, 903, is cited as decisive that a bond conditioned in the statutory language would not have made the obligors liable for rents and profits. We do not so understand that decision. The judgment in that case combined a money recovery and an award of possession of real estate. Though the appellant did apply to the court to have the amount of the bond fixed, as in the case of a "recovery, other than a fixed amount of money," he conditioned his bond merely as if for a money judgment. He failed to include the condition prescribed in the case of nonmoney judgments, and failed to include any obligation whatever to pay damages. This court regretfully declined to supply the omission. Every inference to be drawn from the opinion indicates the view that, if the bond had been conditioned to pay damages, as the statute requires in the case of nonmoney judgments, it would have amounted to "security of payment to the appellant [appellee] of a reasonable rental value of the premises pending the appeal." The decision, in so far as it has force, is distinctly against appellant's contention.

The statutory condition is not happily expressed. The profession, as we know, have been in some doubt as to its meaning. As we understand appellant's contention, to "pay all damages and costs adjudged against him in the district court and in the supreme court on such appeal or writ of error" means merely to pay the damages adjudged in the Supreme Court in or on the appeal, or in the district court after remand and reinstatement of the cause on its docket, *and in the same case*, and does not mean to pay damages occasioned by the supersedeas operating to postpone the enforcement of the appellee's adjudicated rights, particularly if adjudged in another and independent suit upon the bond.

Such construction reduces the value of the bond almost to insignificance. It ignores its real purpose to protect the appellee against loss while maintaining the status quo. It excludes the very damages which must have been contemplated. Rarely, if ever, will any damages be adjudged in such a case except such as arise pending the appeal. In this case, according to appellant's theory, this $3,000 bond stands only as security for costs. Moreover, in this jurisdiction we have no

statute authorizing assessment of damages on motion where the conditions of injunction or supersedeas bonds have been breached. We understand that the resort usually if not always, is to an independent suit on the bond.

It may be that the language used best lends itself to this construction. For the reasons mentioned, however, we are not favorably inclined toward it, and prefer a more liberal construction, if the statute is susceptible of it.

The prescribed condition may be so analyzed as to embrace these four obligations: (1) To prosecute with diligence; (2) to comply with the judgment of the district court if affirmed; (3) to pay all damages and costs adjudged in the district court; and (4) to pay all damages and costs adjudged in the Supreme Court *on such appeal or writ of error.* The third, unless modified by the phrase italicized in the fourth, is broad enough to include the obligation which properly belongs and should be found in a bond, the only good reason for requiring which is to secure against loss from wrongfully withholding the possession of real estate.

The history of the statute discloses that the third of the obligations in the above analysis was the last to be included, and was included by interpolating in the fourth obligation the words "in the district court and." These words were inserted in the statute of 1907 (chapter 57, § 16), when, in the attempt to conform to the new theory of Code pleading, the two previously existing supersedeas provisions were combined. See Comp. Laws 1897, §§ 3136 and 3144; the latter providing for supersedeas of common-law judgments to be reviewed on writ of error, and the former for supersedeas of equity decrees to be reviewed on appeal.

It suggests itself that the new obligation was included to supply an earlier deficiency, the very deficiency which appellant claims still persists.

This construction conforms to the practice in this court when its discretion is invoked in the matter of supersedeas. In Gonzales v. Rivera, 37 N. M. 562, 25 P.(2d) 802, the bond was conditioned to "pay all damages and costs suffered or sustained * * * by reason of the suspension, stay and supersedeas of the said injunctive order. * * *" This bond was given pursuant to an order in which, as the condition of superseding a prohibitory injunction, we required a bond "indemnifying and saving harmless the appellees herein from any loss or damage which may be *occasioned to said appellees by the* said stay, suspension and supersedeas of said injunctive order."

So we conclude that appellant's first contention is not well taken. If this bond had employed the language the statute prescribed in the case of nonmoney judgments, it would have rendered the surety liable for rents and profits during the operation of the supersedeas.

What, then, is the effect of the bond here in question, its condition varying as it does from that of the statute?

Appellant's third contention is eliminated. Our conclusion excludes the theory that a liability for rents and profits pending the stay included in the bond given is void as being in excess of the liability contemplated by the statute.

Nor are we impressed that the bond given is deficient in failing to include the liability here sought to be enforced. The condition is "to answer all damages and costs if they fail to make good their plea." The obligation is broad, and should not be reduced to insignificance by excluding liability for the only damages of serious consequence to have been anticipated.

The variance, while considerable in form, is slight in substance. Strict adherence to the statutory language is not required. McDonald v. Mazon, 23 N. M. 439, 168 P. 1069. We have held similarly as to cost bonds. Rogers v. Herbst, 25 N. M. 408, 183 P. 749.

The bond in suit expresses, we think, more plainly than the statute itself, the liability here invoked. The obscurity of the statute may have been the reason for resorting to another form. The principals have had the stay they bargained for. The obligees have suffered the damages which the stay made inevitable. We know of no sound reason for relieving the surety. The judgment should be affirmed and the cause remanded.

It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.