148 P.2d 573

**HIGGINS v. FULLER.**

No. 4775.

Supreme Court of New Mexico.

Sept. 20, 1943.

Whatley & Garland, of Las Cruces, for appellant.

Holt & Holt and W. T. Scoggin, Jr., all of Las Cruces, for appellee.

MABRY, Justice.

This case arises upon the motion of appellee (defendant below) to dismiss the appeal of appellant (plaintiff below) for failure to give supersedeas bond in the sum of $500 ordered by the trial court at the time of granting the appeal herein. The statute in question, 1941 Comp. sec. 19-1006, provides: "Where an appeal is taken or a writ of error sued out, from a judgment or decree of any district court involving the title to or possession of real or personal property, the trial court shall fix the amount of the supersedeas bond, if supersedeas is granted, for such sum as will indemnify the appellee for all damages that may result from such supersedeas, or from such appeal or writ of error. Said bond shall be conditioned to prosecute the appeal with effect and pay all damages and costs that may result to the appellee, if said appeal or writ of error be dismissed or the judgment or decree appealed from is involved in such action, the rental value, and all damages to improvements and waste, shall be considered elements of damages."

Appellant filed suit in the court below alleging ownership in and title to certain real property in Dona Ana County which at all times material was in possession of appellee, the basis of the claim of title and ownership, was fraud practiced on the part of appellee in securing title and possession. Judgment was granted appellee, the suit was dismissed, and this appeal followed. By the motion we are called upon to construe the above statute as to the requirement of a supersedeas bond—to determine whether it applies to the case at bar. The trial court, in granting the appeal, ordered that a supersedeas bond in the sum of $500 should be given by appellant "in accord with" the abovementioned rule.

Appellee affirms and appellant denies that the giving of such supersedeas bond is a prerequisite to the maintenance of an appeal in cases of this nature. Appellant contends that, being at all times in possession and the appeal involving no disturbance of the

status quo of the appellee in this respect, and because no right claimed by her could be jeopardized by the appeal, no supersedeas should have been required. The final sentence of the above cited section directing how such bonds shall be conditioned makes it apparent that it could not apply to a case in which the party prevailing below claimed ownership and was at all times in possession, since such party could not be damaged within the contemplation of the statute pending the appeal.

██ We construe the statute to mean that should judgment go against a litigant by decreeing ownership to realty in his adversary out of possession, then, in connection with his appeal, such litigant must execute and file a supersedeas bond as required by the court and as provided by this statute, in order to maintain the status quo. But here, where under the judgment appealed from there would be no judgment to stay and no change in the status of the parties as it relates to either title or possession and where such bond could serve no purpose, it will not be required. Rule 9, Supreme Court Rules, providing for supersedeas and stay, is not involved. The order of the court expressly ordered supersedeas "in accord with provisions of section 19-1006". In the case of Penn Mutual Life Ins. Co. v. Creighton Theater Bldg. Co., 51 Neb. 659, 71 N.W. 279, 281, it was said: "The subdivision of section 677 to which reference has been made evidently contemplates an appeal by the party in possession, the former owner, whose title or right

of possession will be divested by the order of sale or delivery of possession. This is apparent from the condition of the bond. The legislature could have had no possible object in requiring one out of possession and not claiming a present possessory interest to give bond not to commit waste on the premises." See also Sheffer v. Griffiths et al., 69 Utah 413, 255 P. 668.

We do not consider the case of Hart v. Employers' Liability Assurance Corporation, 38 N.M. 83, 28 P.2d 517, relied upon by appellee, as authority under the circumstances of this case. There we applied the statute to one in possession who, having suffered the cancellation of a warranty deed and having been ordered dispossessed, desired to retain possession, pending an appeal to this court. Defendants appealed and in order to stay judgment supersedeas was necessary and was given under provisions of 1929 Comp., sec. 105-2513 (now Rule 9 of this court, as amended).

██ The only purpose of supersedeas bond is to stay the judgment, and if there be nothing to stay there is nothing upon which a supersedeas could operate. A self-executing judgment, like this one, leaves no proceedings to be stayed. "However, under the statutes regulating the filing of supersedeas bonds it is generally held that as a supersedeas has the effect of merely staying proceedings without destroying the force and effect of the judgment and leaves the proceedings in the condition in which it finds them, a judgment, order, or decree

which does not command or permit any act to be done, or is not of a nature to be actively enforced by execution or otherwise, but is self-executing, is not within the statute, as there is nothing upon which a stay bond can operate in such a case." 4 C.J.S., Appeal and Error, p. 1113, § 632. "Where judgment is self-executing or has intrinsic effect, there are no proceedings to be stayed or to be affected by an appeal therefrom." 2 Cal.Jur. 438, sec. 159.

Moreover, there is another rule which would operate under circumstances such as we find here to require denial of the motion. This is Rule 16, Supreme Court Rules, 1941 Comp., sec. 19-201(16) (4), which provides: "No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. No such motion will be entertained unless filed before the movant has filed his brief on the merits."

Appellee makes no showing of prejudice because of the failure to give the bond required. The court was in error in requiring supersedeas and the motion will be denied, and

It is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.