747 P.2d 259

Benjamin and Anna SALAS,
Plaintiffs–Appellants,

v.

Andrew and Mary Ann
BOLAGH, Defendants,

and

M.L. Kennedy and Coralie Kennedy,
Defendants–Crossclaimants–Appellees,

and

Preston Roberts and Ronald F. Roberts,
Defendants–Cross–Defendants–Appel-
lees.

No. 9385.

Court of Appeals of New Mexico.

Nov. 10, 1987.

**614**

Narciso Garcia, Jr., Toulouse, Toulouse & Garcia, P.A., Albuquerque, for plaintiffs-appellants.

Louis E. Valencia, Esquibel, Valencia, Sanchez & Griego, Los Lunas, for defendants-crossclaimants-appellees.

Norman McDonald Norman McDonald, P.A., Belen, for defendants-cross-defendants-appellees.

## OPINION

GARCIA, Judge.

Plaintiffs appeal from the dismissal of their amended complaint following a remand from this court. Following consideration of the briefs and oral arguments of the parties, we reverse.

### ISSUES

Plaintiffs raise three issues on appeal: (1) whether defendants' claim of res judicata was error because actions pursuant to an order of this court constitute a continuation of the original suit; (2) whether the trial court erred in attempting to release the notice of lis pendens; and (3) whether dismissal for lack of a supersedeas bond was error because no supersedeas bond was required to be posted by plaintiffs on the self-executing judgment. Although we reverse the trial court's dismissal of plaintiffs' amended complaint pursuant to issues 1 and 2, we will nonetheless discuss issue 3.

### FACTS

In 1981, plaintiffs obtained a judgment against defendants Bolagh. Plaintiffs sought to foreclose on the judgment and subsequently filed suit against the Roberts and the Bolaghs, who had purchased real property pursuant to a real estate contract, from defendants Roberts. It was against this equitable interest that plaintiffs sought to foreclose the judgment lien. The Bolaghs subsequently defaulted under the terms of the real estate contract. Plaintiffs, however, were not notified of the default and, accordingly, the default was not cured. After the time to cure had lapsed, the Roberts moved to dismiss plaintiffs' foreclosure action pursuant to NMSA 1978, Civ.P. Rule 12(B)(6) (Repl.Pamp.1980) (now codified as SCRA 1986, 1–012). In November 1983, the trial court entered judgment for the Roberts, releasing the notice of lis pendens and dismissing the Salases foreclosure suit. In December 1983, the Salases appealed that decision to this court. In March 1984, while the appeal was pending, the Roberts sold the property to a third party, the Kennedys.

Subsequently, in a memorandum opinion, Ct.App. No. 7642 (Filed August 9, 1984), this court reversed the trial court's judgment and remanded with instructions to set aside the dismissal and allow a period of time within which plaintiffs could cure the default. In that opinion, we noted that plaintiffs' right to cure the contract default was an uncontested finding by the trial court and, in light of that finding, plaintiffs were entitled to receive notice of the default before plaintiffs could be penalized for failing to cure.

Subsequently, in attempting to cure the default, plaintiffs discovered that the property had been sold. Thereafter, plaintiffs moved to require Roberts to convey the property to plaintiffs upon cure of the default or, in the alternative, for judgment against Roberts for damages plaintiffs suffered as a result of the conveyance. This motion was denied. Plaintiffs then sought and received permission to amend their original complaint to include the Kennedys.

Both the Roberts and Kennedys answered the amended complaint and moved to dismiss on separate grounds. Roberts claimed the action was barred by res judicata. Similarly, the Kennedys raised the

affirmative defense that a lis pendens, previously filed by plaintiffs, was extinguished by the district court's initial dismissal and that plaintiffs had failed to post a supersedeas bond. Thus, the Kennedys claimed they were bona fide purchasers in good faith. The trial court granted both motions. The present appeal is from the trial court's dismissal of plaintiffs' amended complaint.

## DISCUSSION

### Issue I

Plaintiffs complain that the trial court erred in granting defendants' motion to dismiss plaintiffs' amended complaint under the doctrine of res judicata. We find this argument persuasive.

The doctrine of res judicata applies only to final judgments. *C & H Constr. & Paving Co. v. Citizens Bank,* 93 N.M. 150, 597 P.2d 1190 (Ct.App.1979). A judgment is not operative as res judicata when it has been reversed by an appellate court. *See* 46 Am.Jur.2d *Judgments* § 465 (1969); *Green v. Chaffee Ditch Co.,* 150 Colo. 91, 371 P.2d 775 (1962). The first trial of this case resulted in a reversal and remand. Thus, it was not a final judgment. The trial court's judgment could not serve as a res judicata bar to plaintiffs' amended complaint. Moreover, the trial court had not fully adjudicated the issues between the parties. Hence, the trial court erred in dismissing plaintiffs' amended complaint on res judicata grounds.

When plaintiffs sought to cure the default, they learned of Roberts' sale of the property. As a result, plaintiffs could not cure. They filed an amended complaint naming the Kennedys as additional party defendants. In light of the sale and plaintiffs' entitlement to notice prior to default, plaintiffs had no other choice but to secure the property through the Kennedys via their mandate right to cure the default against the Roberts. Thus, the filing of the amended complaint was appropriate.

### Issue 2

Roberts argue that the trial court's release of the lis pendens enabled their vendees, Kennedys, to be bona fide purchasers without notice. We need only determine, however, whether the lis pendens was in effect at the time the Kennedys purchased the property. We believe it was.

A lis pendens is a vehicle for permitting an individual, involved in an action which affects title, to put subsequent purchasers on notice of pending claims involving the property. *Superior Constr., Inc. v. Linnerooth,* 103 N.M. 716, 712 P.2d 1378 (1986). The lis pendens is simply a republication of the pleadings filed in the pending judicial proceeding. *Title Guaranty & Ins. Co. v. Campbell,* 106 N.M. 272, 742 P.2d 8 (Ct.App.1987). In *Title Guaranty* we noted the split of authority on the question of whether a notice of lis pendens continues to be effective pending appellate review of a final judgment. In *Title Guaranty* we assumed, without deciding, that in a somewhat similar situation to the case at bar, where a court order sought to dissolve a lis pendens and an appeal had been taken, the lis pendens was deemed effective until the appellate process had come to an end. In that case, there was undisputed evidence that the trial court's cancellation of the lis pendens was not in accordance with the requirements of NMSA 1978, Section 38–1–15 (Repl.Pamp.1987). In addition, the continued effectiveness of the notice of lis pendens in *Title Guaranty* was not a dispositive issue. In this case, however, the issue is dispositive.

We believe that regardless of the validity of the cancellation, the lis pendens established by the suit continues until expiration of the time for appeal or until final disposition of the case by the appellate court. *See MacKenzie v. A. Engelhard & Sons Co.,* 266 U.S. 131, 45 S.Ct. 68, 69 L.Ed. 205 (1924). Thus, in this case, we determine that at the time the Roberts sold the property to the Kennedys, the lis pendens had not been effectively released and, hence, it was still valid.

### Issue 3

Roberts argue that the Salases' failure to post a supersedeas bond on the prior appeal enabled their vendees, Kennedys, to be bona fide purchasers. We disagree.

The purpose of a supersedeas bond is to stay the execution of a final

judgment, thus guaranteeing appellee collection of the judgment should he win on appeal. NMSA 1978, § 39–3–9. The posting of a supersedeas bond is necessary to maintain the status quo when appealing from a judgment decreeing ownership of realty in a party not in possession thereof; however, such bond is not required where, under the judgment appealed from, there exists no judgment to stay, no change in the ownership or possession of the property and such bond would serve no purpose. *Higgins v. Fuller*, 48 N.M. 215, 148 P.2d 573 (1943). Thus, a self-executing judgment or order which does not command or permit that any act be done, or is not of a nature to be actively enforced by execution or otherwise, is not within the statute providing for the posting of a supersedeas bond. *Id.*

Although the present case involves a question involving title or possession of real property, the posting of a supersedeas bond pursuant to the trial court's 1983 judgment was neither necessary nor required. *See* § 39–3–9; *Higgins v. Fuller.* The trial court entered judgment for the Roberts who, at that time, held both title and possession to the property. There existed no judgment to stay and no change in the status of the parties in relation to the property. Thus, the judgment was self-executing and the trial court's 1986 dismissal of the Salases' amended complaint against the Kennedys, for failure to post a supersedeas bond, was error. *See Higgins v. Fuller; see also MacKenzie v. A. Engelhard & Sons Co.*

### CONCLUSION

In light of the foregoing, we reverse and remand so that plaintiffs' second amended complaint may be reinstated on the trial court's docket. Plaintiffs shall recover their appellate costs.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.