827 P.2d 97

**Garrett QUINTANA, Petitioner,**

v.

**Kim KNOWLES, Jane Knowles, James T. Jackson and Sheila Cooper, Respondents.**

No. 19970.

Supreme Court of New Mexico.

Feb. 10, 1992.

Roth, Van Amberg, Gross, Rogers & Ortiz, F. Joel Roth, Santa Fe, for petitioner.

Catron, Catron & Sawtell, John S. Catron, Santa Fe, for respondents.

## OPINION

RANSOM, Chief Justice.

Garrett Quintana filed suit to quiet title in a road that provides access to his property. The road traverses property owned and possessed by defendants. The trial court entered a decree in favor of Quintana declaring the road to be a New Mexico public highway established under federal law. Defendants filed notice of appeal, but did not move to stay the trial court's decree. Relying upon NMSA 1978, Section 39-3-9 (Repl.Pamp.1991) (supersedeas bond requirements in actions involving real or personal property), Quintana filed a motion in the trial court to compel defendants to post a supersedeas bond to assure payment of any damages occasioned by the appeal. Quintana attached an affidavit to the motion detailing the prejudice he would suffer as a consequence of the appeal. The trial court denied the motion, and the court of appeals affirmed.

Citing *Salas v. Bolagh*, 106 N.M. 613, 616, 747 P.2d 259, 262 (Ct.App.1987), the court of appeals stated that Section 39-3-9 does not require posting of a supersedeas bond when there exists no judgment to stay, no change in the ownership or possession of the property, and such bond would serve no purpose. The court of appeals reasoned that since the appellant did not seek to stay the judgment of the trial court, there is nothing upon which a supersedeas bond could operate. We granted certiorari to clarify the operation of the statutory supersedeas bond requirements and, although in sympathy with a prevailing party left in possession of real estate whose development is harmed by reason of appellate delay, we are compelled to affirm the court of appeals.

The term supersedeas, as it is understood in this state, is synonymous with a stay of proceedings, stay of execution, or simply stay. *Sena v. District Court*, 30 N.M. 505, 511, 240 P. 202, 204 (1925); *see also Black's Law Dictionary* 1437–38 (6th ed. 1990) (noting that in modern times, term has become synonymous with stay of proceedings).[1] During the pendency of the appeal, supersedeas restores the parties to

---

1. The United States Supreme Court defined supersedeas in its original narrow context as a special writ emanating from an appellate court that effects "a suspension of the power of the court below to issue an execution on the judgment or decree appealed from; or, if a writ of execution has issued, it is a prohibition emanating from the court of appeal against the execution of the writ." *Hovey v. McDonald*, 109 U.S. 150, 159, 3 S.Ct. 136, 141, 27 L.Ed. 888 (1883).

and maintains them in the status they enjoyed prior to the judgment or decree in the trial court. In New Mexico, the legislature has made the availability of supersedeas in all civil actions dependent on certain bonding requirements. *See* NMSA 1978, §§ 39-3-9, -22 (Repl.Pamp.1991).[2] The bond provides a means of compensating an appellee, upon an affirmance, for damages suffered between the entry of judgment and its affirmance that would not have been suffered but for the appeal. In addition, the bond enables the appellee to recover the amount to which the appellee is entitled without filing another lawsuit. *Cf. Salas*, 106 N.M. at 615-16, 747 P.2d at 261-62 (purpose of bond is to guarantee appellee collection of judgment should the judgment be affirmed on appeal).

The general supersedeas bond statute, Section 39-3-22, enacted in 1907, describes the requirements a supersedeas bond must satisfy in all civil actions. Subsection (A) conditions supersedeas of money judgments upon the filing of an appropriate supersedeas bond:

> There shall be no supersedeas or stay of execution upon any final judgment or decision of the district court in any civil action in which an appeal has been taken or a writ of error sued out unless the appellant or plaintiff in error * * * within sixty days from the entry of the judgment or decision, executes a bond to the adverse party in double the amount of the judgment complained of, with sufficient sureties, and approved by the clerk of the district court in case of appeals or by the clerk of the supreme court in case of writ of error.

NMSA 1978, § 39-3-22(A). Where the recovery is for other than a fixed amount of money the bond, if required, must indemnify the appellee for certain damages:

> If the decision appealed from, or from which a writ of error is sued out, is for a recovery other than a fixed amount of money, the amount of the bond, if any, shall be fixed by the district court if an appeal is taken, or, in case of a writ of error, by the chief justice or any justice

of the supreme court, conditioned that the appellant or plaintiff in error shall prosecute the appeal or writ of error with diligence, and that, if the decision of the district court is affirmed or the appeal or writ of error is dismissed, he will comply with the judgment of the district court and pay all damages and costs finally adjudged against him in the district court and in the supreme court or court of appeals on the appeal or writ of error, including any legal damages caused by taking the appeal, whether the damages are assessed upon motion in the cause or in a civil action on the bond.

NMSA 1978, § 39-3-22(B). Only after the bond, if required, has been approved and filed, are the proceedings stayed. NMSA 1978, § 39-3-22(C).

In 1933, the legislature enacted Section 39-3-9, the property supersedeas bond statute, that establishes the bonding requirements for supersedeas in actions involving title to or possession of real or personal property:

> Where an appeal is taken or a writ of error sued out, from a judgment or decree of any district court involving the title to or possession of real or personal property, the trial court shall fix the amount of the supersedeas bond, if supersedeas is granted, for such sum as will indemnify the appellee for all damages that may result from such supersedeas, or from such appeal or writ of error. Said bond shall be conditioned to prosecute the appeal with effect and pay all damages and costs that may result to the appellee, if said appeal or writ of error be dismissed or the judgment or decree appealed from shall be affirmed. In case the title to or possession of real estate is involved in such action, the rental value and all damages to improvements and waste, shall be considered elements of damages.

NMSA 1978, § 39-3-9.

■ Quintana asserts that Section 39-3-9 makes the posting of a bond a prerequisite to the right to appeal from any judg-

---

2. The procedures for obtaining supersedeas relief are set out in SCRA 1986, 1-062, 12-207.

ment involving title to or possession of real or personal property, whether the appellant has sought supersedeas or not, if the appellee establishes that the appeal will prejudice the appellee. We are not so persuaded.

Our touchstone in interpreting Section 39–3–9 is the language of the Statute. *See State v. Elliott,* 89 N.M. 756, 757, 557 P.2d 1105, 1106 (1977) ("Statutes are to be given effect as written and, where free from ambiguity, there is no room for construction."). Section 39–3–9 expressly provides that "the trial court shall fix the amount of supersedeas bond, if supersedeas is granted." Thus, as a precondition to operation of that Section, the appellant must have moved for supersedeas, and the trial court must have granted the motion.[3] Nothing in the plain language of the Statute requires the appellant to post a supersedeas bond when supersedeas has not been sought and granted. *See Gregg v. Gardner,* 73 N.M. 347, 362, 388 P.2d 68, 79 (1963) (noting in dictum that general supersedeas bond statute is not mandatory, bond is required only if status quo is to be maintained). Only if supersedeas is sought does Section 39–3–9 come in to play first by mandating that the trial court shall set the amount of the bond[4] and then by describing the nature of the bond required to stay a judgment or decree involving the title to or possession of real or personal property. Properly understood, Section 39–3–9 conditions the availability of supersedeas, in part, on the posting of a statutorily suffi-

cient bond; it does not, as Quintana would have it, condition the right to appeal on the posting of a bond.

Quintana offers three arguments in favor of his construction of Section 39–3–9. First, he contends that by stating that the bond shall indemnify the appellee for damages resulting from the "supersedeas, or from such appeal or writ of error," Section 39–3–9 evinces the legislature's intention to require a bond for damages arising from all appeals within the purview of Section 39–3–9. While we confess that the purpose of that language is less than clear, the inference Quintana asks us to draw is at best tenuous. In construing Section 39–3–9, we must bear in mind that in New Mexico every aggrieved party enjoys the constitutional right to one appeal. N.M. Const. art. VI, § 2. Accordingly, we are hesitant to draw inferences from Section 39–3–9 that condition or hamper that right when the plain language of the statute is clear, and the legislative history does not suggest otherwise. The bond required by Section 39–3–9 is a supersedeas bond. Section 39–3–9 is entitled "Title or possession of property involved; supersedeas bond." Such device is universally understood to mean a bond posted as a condition to securing supersedeas. The interpretation Quintana would have us adopt would fundamentally alter the accepted meaning of that term—supersedeas bond under Section 39–3–9 would become a general appeal bond to be posted by every appellant upon the filing of an appeal.[5] Nothing in the language of

---

3. Section 39–3–9 is not artfully drafted. Section 39–3–10 provides that Section 39–3–9 is to supplement any existing statute or court rule concerning supersedeas. When Section 39–3–9 and Subsection 39–3–22(C) are read together, it is clear that while the trial court may grant the motion for supersedeas, the stay shall not become effective until the appropriate bond has been posted by the party seeking the stay.

4. In this respect, Section 39–3–9 differs from Section 39–3–22. The latter requires a justice of this Court to approve the bond when relief from the decision below is sought by writ of error, while the former does not.

5. Our interpretation of the plain meaning of the term supersedeas is consistent with the views expressed by the high courts of our neighboring states that have enacted statutory supersedeas

bond requirements. *See Burke v. Dendinger,* 120 Neb. 594, 234 N.W. 405, 405 (1931) (holding that compliance with supersedeas bond statute is not prerequisite to appellate review); *Armstrong v. Trustees of Hamilton Inv. Trust,* 667 P.2d 985, 988 (Okla.1983) (holding that supersedeas is not jurisdictional requirement for appellate review; appeal may be prosecuted without posting bond); *Hutchings v. Winsor,* 92 Okl. 37, 217 P. 1044, 1045 (1923) (holding that only purpose and effect of supersedeas bond is to stay execution upon the judgment appealed from; right of appeal does not depend upon the giving of such bond), *overruled on other grounds by Pancoast v. Eldridge,* 157 Okl. 195, 11 P.2d 918, 920 (1932).

Section 39–3–9 reveals the legislature's intention to condition the constitutional right to one appeal or to alter the accepted meaning of the term supersedeas bond. Absent any such intention, we will not so condition the right.

Nor are we persuaded by Quintana's argument that our construction of Section 39–3–9 renders that Statute "at best fluff which simply reconfirms some of the rights of appellees which have been created by statute fifteen years earlier." Quintana contends that Subsection 39–3–22(B), enacted prior to Section 39–3–9, fully described the bonding requirements for appeals from judgments awarding recovery for "other than a fixed amount of money," which would include all cases falling under Section 39–3–9. He urges that our interpretation of Section 39–3–9 would conflict with the rule of construction that presumes the legislature, when enacting new legislation, intends to change the existing law.

█ At the outset, we note that rules of construction cannot supplant the plain command of the language of a statute. *See Bradbury & Stamm Const. Co. v. Bureau of Revenue*, 70 N.M. 226, 231, 372 P.2d 808, 812 (1962) (rules of statutory construction are but aids in arriving at legislative intent and should never be used to override same where it otherwise plainly appears). Here, as noted above, the statutory command of Section 39–3–9 is clear. While we need go no further, we nonetheless address Quintana's argument.

True, Subsection 39–3–22(B) is sufficiently broad to include cases falling under Sec-

tion 39–3–9. However, when Section 39–3–9 was enacted, the general supersedeas bond statute did not require the bond to indemnify for "legal damages caused by taking the appeal." [6] The question whether the general supersedeas bond statute would make the surety liable under the bond for rents and profits lost during the pendency of an appeal from a judgment or decree concerning real property, had not been resolved at the time the property supersedeas bond statute was enacted. *See Hart v. Employers Liab. Ass'n Corp.*, 38 N.M. 83, 28 P.2d 517 (1933) (noting considerable confusion "in the profession" concerning the issue).[7] Against that backdrop of uncertainty, Section 39–3–9 made clear that at least with respect to actions involving title to or possession of real estate, the bond must indemnify the appellee for certain legal damages occasioned by the operation of the stay: "[R]ental value, and all damages to improvements and waste, shall be considered elements of damages." NMSA 1978, § 39–3–9. We are aware of no doctrine that would preclude the coexistence of a general statute and a more specific statute.

Finally, citing *Burroughs v. United States Fidelity & Guaranty Co.*, 74 N.M. 618, 397 P.2d 10 (1964), Quintana contends our construction of Section 39–3–9 is at odds with our case law. Because our case law interpreting Section 39–3–9 is consistent with our holding today and because *Burroughs* is inapposite, we disagree.

In *Higgins v. Fuller*, 48 N.M. 215, 148 P.2d 573 (1943), this Court first construed

---

**6.** As enacted in 1907, the pertinent part of the general supersedeas statute provided that the amount of the bond "be fixed by the district court or the judge thereof, and in case of a writ of error, by the chief justice or any associate justice of the supreme court." N.M. Laws 1907, ch. 57, § 16. Like the current version, the original enactment also provided that the bond be conditioned so that "if the decision of the court below be affirmed or the appeal or writ of error be dismissed [the appellant] will comply with the decree of the district court and pay all damages and costs adjudged against him in the district court and in the supreme court on such appeal or writ of error." *Id.* Not until 1966 did the general supersedeas statute require indemnification for "legal damages caused by taking the appeal." N.M. Laws 1966, ch. 28, § 50. We fail

to see any conflict with the rule of construction cited by Quintana. The property supersedeas bond statute, when it was enacted, resolved considerable uncertainty in the existing law. The 1966 amendment did no more than to require similar bonding requirements in cases not within the purview of Section 39–3–9.

**7.** Section 39–3–9 was approved by the legislature on February 10, 1933. *Hart* was decided on November 29, 1933. The supersedeas bond in that case, was filed to stay enforcement of the judgment well before Section 39–3–9 became effective. *See Hart v. Walker*, 35 N.M. 465, 2 P.2d 1074 (1931) (affirming the stayed judgment on July 3, 1931).

the operation of the property supersedeas bond statute. At issue in *Higgins* was whether the appellant's failure to post the supersedeas bond ordered by the trial court was fatal to the appeal. The appellant had lost her action to obtain title to certain real property in the possession of the appellee. The appellant filed notice of appeal, and the trial court ordered her to post a supersedeas bond. When the appellant did not post the bond, the appellee filed a motion to dismiss the appeal. This Court held that the trial court erred in requiring the supersedeas bond and, thus, denied the motion to dismiss the appeal. In so doing, the Court construed the property supersedeas bond statute to require a bond only if the party in possession appealing from an adverse judgment seeks to preserve the status quo:

> We construe the statute to mean that should judgment go against a litigant by decreeing ownership to realty in his adversary out of possession, then, in connection with his appeal, *such litigant must execute and file a supersedeas bond as required by the court and as provided by this statute, in order to maintain the status quo.*
>
> \* \* \* \* \* \*
>
> The only purpose of supersedeas bond is to stay the judgment, and if there be nothing to stay there is nothing upon which a supersedeas could operate.

*Id.* at 217, 148 P.2d at 574 (emphasis added); *accord Salas,* 106 N.M. 616, 747 P.2d at 262. This is the substance of our holding today.

The crux of the *Higgins* holding is no more than the observation that where no stay has been sought, a trial court, under Section 39–3–9 cannot order the appellant to post a bond. Nothing more need have been said. The trial court ordered the appellant to post a supersedeas bond when

supersedeas had not been sought. Accordingly, such order was a nullity and noncompliance with it was not fatal to the appeal.[8]

In dictum, the Court articulated independent grounds for denying the motion to dismiss. The Court observed that, under prior statute, a motion to dismiss will not succeed in the absence of a showing of prejudice. *Id.* 48 N.M. at 218, 148 P.2d at 574 (citing NMSA 1941, § 19–201(16)(4)) (no motion to dismiss an appeal for other than jurisdictional grounds will succeed in the absence of a showing of prejudice) (superseded by NMSA 1953, § 21–2–1 (Supp. 1974)). Since the appellee in *Higgins* made no showing of prejudice, the motion was not well taken. The prejudice discussed in *Higgins,* contrary to Quintana's suggestion, has nothing to do with whether a supersedeas bond is required; prejudice was a component of a motion to dismiss an appeal for other than jurisdictional grounds under the prior statute.

This Court revisited Section 39–3–9 in *Burroughs.* There, in the first action, Burroughs brought suit in replevin to recover possession of a tractor and trailer. He filed a replevin bond, and the tractor and trailer were delivered to him. Burroughs won at a trial on the merits, and the defendants appealed. The defendants executed and filed a supersedeas bond, and Burroughs returned the tractor to them. We affirmed the judgment and ordered the district court to enter judgment against both the defendant and the surety on the supersedeas bond. *Burroughs,* 74 N.M. at 619, 397 P.2d at 11.

Burroughs brought a new action against the surety on the bond, and recovered a judgment for $9,000, representing the value of the tractor and trailer. The surety appealed asserting that the bond did not

---

**8.** There is much surplusage in *Higgins* upon which Quintana and later opinions have affixed significance. For example, the above-quoted passage makes reference to a litigant out of possession. *Higgins,* 48 N.M. at 217, 148 P.2d at 574. Surely, if a party not in possession loses at trial, then supersedeas of the adverse judgment would have no effect on the rights of either party—the rights of the parties inter se are the same after the judgment as they were before.

This is what the Court suggests when it later mentions that the case before it involved "no change in the status of the parties" and that there was "no judgment to stay." *Id.* In fairness, these statements probably clarify the procedural context in which a party would seek supersedeas. We emphasize, however, that such statements cannot be read to describe when a supersedeas bond will be required under Section 39–3–9.

authorize delivery of possession, and that the bond secured only costs on appeal, not the value of the tractor and trailer. The issues before this Court concerned whether the supersedeas bond authorized re-delivery of the tractor and trailer to Burroughs, and whether the bond secured the value of the tractor and trailer in addition to costs and interest accrued from the date of judgment. *Id.* at 621–22, 397 P.2d at 12. The Court held that the bond secured the value of tractor and trailer and that the surety was estopped from complaining about the transfer of possession. *Id.* at 625, 397 P.2d at 14–15. *Burroughs* did not address the question whether Section 39–3–9 requires a bond in the absence of supersedeas.

Quintana cites to dictum in *Burroughs* in support of his interpretation of the statute. There the Court interpreted *Higgins* to have held that the property supersedeas bond statute may require an appellant, who has not sought to stay execution on the judgment, to execute a supersedeas bond if the appellee can demonstrate that the appeal will work to the appellee's prejudice. *Burroughs,* 74 N.M. at 624, 397 P.2d at 14. As we discussed above, that interpretation of *Higgins* or Section 39–3–9 is unwarranted. We expressly overrule any such inferences drawn from *Burroughs* to the extent they conflict with our holding today.

For all of the foregoing reasons, the judgment of the court of appeals is affirmed.

IT IS SO ORDERED.

MONTGOMERY and FRANCHINI, JJ., concur.