**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-016**

**Filing Date:  July 24, 2009**

**Docket No. 27, 800**

**FRED A. D'ANTONIO,**

    **Plaintiff-Appellant,**

**v.**

**CHARLES L. CROWDER,**

    **Defendant-Appellee,**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Robert E. Robles, District Judge**

Jane B. Yohalem
Santa Fe, NM

T. O. Gilstrap, Jr., P.C.
T. O. Gilstrap, Jr.
S. Clark Harmonson
El Paso, TX

for Appellant

Cervantes Law Firm, P.C.
Joseph Cervantes
Las Cruces, NM

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellee

**OPINION**

**FRY, Chief Judge.**

**{1}**     This matter comes before the Court on Plaintiff's motion seeking review and reversal of the district court's order requiring him to post a supersedeas bond.  Because the motion

raises matters that may arise in subsequent cases, we issue our order on the motion in the form of this formal opinion. For the reasons that follow, we grant the motion and order the district court to vacate the October 9, 2008, order establishing the supersedeas bond.

**BACKGROUND**

**{2}** In this quiet title action, the district court orally granted summary judgment in favor of Defendant on April 4, 2007. About two weeks later, Plaintiff filed a notice of lis pendens in connection with the disputed property. Following a premature appeal and remand, the district court entered the final, written judgment on March 20, 2008, and Plaintiff appealed. The appeal is still pending in this Court.

**{3}** Defendant filed a motion asking the district court to cancel the notice of lis pendens or, in the alternative, to require Plaintiff to post a supersedeas bond. Defendant argued that he is damaged by the cloud on his title to the real property that resulted from Plaintiff's notice of lis pendens because he is unable "to develop, sell, or borrow against the property." Defendant further argued that Plaintiff's filing of the notice of lis pendens "effectively enacted a stay of the [c]ourt's judgment quieting title in [Defendant]." Plaintiff responded that he had an absolute privilege to file the notice of lis pendens and that no supersedeas bond is required in this case because Defendant is in possession of the disputed property and the judgment quieting title in Defendant is, therefore, self-executing.

**{4}** Following a hearing, the district court on October 9, 2008, denied Defendant's motion to cancel the notice of lis pendens but ordered Plaintiff to post a supersedeas bond in the amount of $100,000. Plaintiff then filed a motion seeking permission to deposit $100,000 in an interest-bearing account in lieu of posting a surety bond. The district court scheduled that motion for a hearing on March 23, 2009. Prior to that hearing, on February 10, 2009, Plaintiff filed a motion asking the district court to reconsider its order requiring the supersedeas bond. Defendant responded, and the district court denied Plaintiff's motion on April 21, 2009. Pursuant to Rule 12-207 NMRA, Plaintiff then sought this Court's review of the district court's order refusing to reconsider the previous order requiring the supersedeas bond.

**DISCUSSION**

**{5}** Pursuant to Rule 12-207(A), we may review any action of the district court dealing with supersedeas or stay once a notice of appeal is filed and the docket fee is paid. The district court's decision "shall be set aside only if it is shown that the decision: (1) is arbitrary, capricious or reflects an abuse of discretion; (2) is not supported by substantial evidence; or (3) is otherwise not in accordance with law." Rule 12-207(D).

**{6}** Defendant makes several arguments in support of the district court's order denying Plaintiff's motion to reconsider the previous order requiring the supersedeas bond. Those arguments can be consolidated as involving (1) the timeliness of Plaintiff's motion seeking reconsideration, (2) the question whether the notice of lis pendens circumvented the requirements of supersedeas by effectively interfering with Defendant's possession of the

2

property and staying the judgment quieting title in Defendant, and (3) the district court's discretion to require supersedeas bond under the circumstances.

**Plaintiff's Motion for Reconsideration Was Timely**

**{7}**     Relying on Rule 1-059(E) NMRA, Defendant claims that Plaintiff was required to file his motion for reconsideration within ten days of the order requiring supersedeas bond, which was filed on October 9, 2008.  Because Plaintiff did not file his motion until approximately four months after the order was entered, Defendant contends, the motion was untimely.

**{8}**     We disagree.  Plaintiff filed a motion to modify the order requiring supersedeas on October 8, 2008, which was between the date of the hearing on the motion and the date the order was entered.  Although the October 8 motion sought only to change the form of the bond, the outcome of the motion was uncertain at the time Plaintiff filed his motion for reconsideration on February 10, 2009, because the hearing on the October 8 motion was scheduled for March 23, 2009.  Therefore, the order was already subject to modification at the time Plaintiff filed his February 10 motion for reconsideration.

**{9}**     In addition, it does not appear to us that Rule 1-059(E) is applicable to the order requiring supersedeas.  That rule deals with motions to alter or amend "the judgment."  Rule 1-059(E).  The order requiring supersedeas is not the judgment, and we see no reason to impose the rule's time limits on the motion at issue here.

**Lis Pendens and Supersedeas**

**{10}**     Defendant contends that the notice of lis pendens circumvented the rules applicable to supersedeas and effectively dispossessed him of his property by impeding his ability to sell or develop the property.  In order to respond to Defendant's arguments, we must consider the nature of both a notice of lis pendens and a supersedeas bond.  This requires us to consider the applicable statutes, which dictates de novo review.  *See Gomez v. Chavarria*, 2009-NMCA-035, ¶ 6, 146 N.M. 46, 206 P.3d 157 ("We review issues of statutory construction de novo."), *cert. granted*, ___ NMCERT ___, ___ N.M. ___, ___ P.3d ___ (No. 31,546, Mar. 24, 2009).

**{11}**     The statute governing notices of lis pendens provides:

> In all actions in the district court of this state . . . affecting the title to real estate in this state, the plaintiff, at the time of filing his petition or complaint, or at any time thereafter before judgment or decree, may record with the county clerk of each county in which the property may be situate a notice of the pendency of the suit containing the names of the parties thereto, the object of the action and the description of the property so affected and concerned, . . . and the pendency of such action shall be only from the time

3

of recording the notice, and shall be constructive notice to a purchaser or encumbrancer of the property concerned; and any person whose conveyance is subsequently recorded shall be considered a subsequent purchaser or encumbrancer and shall be bound by all the proceedings taken after the recording of the notice to the same extent as if he were made a party to the said action.

NMSA 1978, § 38-1-14 (1965). By its express terms, a notice of lis pendens serves to give notice to any third parties contemplating acquiring an interest in the property in question that title to the property is subject to ongoing litigation. *See Title Guar. & Ins. Co. v. Campbell*, 106 N.M. 272, 277, 742 P.2d 8, 13 (Ct. App. 1987) (stating that "a notice of lis pendens provides constructive notice to subsequent purchasers and encumbrancers of litigation affecting the title to real property"). "The notice is intended to preserve the property rights in existence at the time the litigation commences, but does not create new or additional property rights." *United States v. Jarvis*, 499 F.3d 1196, 1203 (10th Cir. 2007) (interpreting the New Mexico lis pendens statute).

**{12}** With this basic grasp of the notice of lis pendens, we turn to the applicable supersedeas statute, which provides:

Where an appeal is taken or a writ of error sued out, from a judgment or decree of any district court involving the title to or possession of real or personal property, the trial court shall fix the amount of the supersedeas bond, if supersedeas is granted, for such sum as will indemnify the appellee for all damages that may result from such supersedeas, or from such appeal or writ of error. Said bond shall be conditioned to prosecute the appeal with effect and pay all damages and costs that may result to the appellee, if said appeal or writ of error be dismissed or the judgment or decree appealed from shall be affirmed. In case the title to or possession of real estate is involved in such action, the rental value, and all damages to improvements and waste, shall be considered elements of damages.

NMSA 1978, § 39-3-9 (1933).

**{13}** Our Supreme Court interpreted this statute in *Higgins v. Fuller*, 48 N.M. 215, 148 P.2d 573 (1943). In that case, the plaintiff filed a quiet title action against the defendant, who was in possession of the property at issue. *Id.* at 216, 148 P.2d at 573. The district court entered judgment in favor of the defendant, and the plaintiff appealed. *Id.* The district court ordered the plaintiff to post a supersedeas bond pursuant to a previous codification of Section 39-3-9. *Id.*

**{14}** The Court in *Higgins* "construe[d] the statute to mean that should judgment go against a litigant by decreeing ownership to realty in his adversary out of possession, then, in connection with his appeal, such litigant must execute and file a supersedeas bond . . . in

4

order to maintain the status quo." *Id.* at 217, 148 P.2d at 574. However, in the case before the Court in *Higgins*, "where under the judgment appealed from there would be no judgment to stay and no change in the status of the parties as it relates to either title or possession and where such bond could serve no purpose, it will not be required." *Id.* In other words, because the judgment maintained title to and possession of the property in the defendant—which was the same status that existed before the suit was filed—there was no reason to stay the judgment and no need for a supersedeas bond to secure the stay. "The only purpose of supersedeas bond is to stay the judgment, and if there be nothing to stay there is nothing upon which a supersedeas could operate. A self-executing judgment, like this one, leaves no proceedings to be stayed." *Id.*

**Defendant's Arguments**

{15}    The present case appears to be strikingly similar to the circumstances in *Higgins*. As in *Higgins*, the judgment in this case maintained title to and possession of the property in Defendant. The judgment is therefore self-executing, and there is nothing to stay and no need for a supersedeas bond. Defendant attempts to distinguish *Higgins* from the present case by noting that the defendant in *Higgins* "was in full possession of the property at all times, and therefore risked no prejudice or damage by the pending appeal." Defendant claims that the notice of lis pendens in effect stayed the judgment quieting title in him and "denied [him] possession" of the property.

{16}    Defendant cites no authority in support of his argument that the notice of lis pendens operated somehow to dispossess him of the property. When no authority is cited for a proposition, we are entitled to conclude that no authority exists, and we will not review the issue. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Moreover, we think Defendant's argument is answered by this Court's decision in *Salas v. Bolagh*, where there was a similar confluence of a notice of lis pendens and a supersedeas bond. 106 N.M. 613, 747 P.2d 259 (Ct. App. 1987).

{17}    In *Salas*, the plaintiffs, who were judgment creditors of the defendants Bolagh, sued to foreclose on the property the Bolaghs were purchasing under a real estate contract from the Robertses, who were also named as defendants in the foreclosure action. *Id.* at 614, 747 P.2d at 260. Unbeknownst to the plaintiffs, the Bolaghs defaulted on the real estate contract during the course of the litigation, and the time to cure lapsed. *Id.* The Robertses then moved to dismiss the plaintiffs' foreclosure suit, and the district court granted the motion and released the notice of lis pendens. *Id.* While the plaintiffs' appeal from the dismissal was pending, the Robertses sold the property to the Kennedys. *Id.*

{18}    The plaintiffs were successful on appeal. *Id.* On remand, the plaintiffs amended their complaint to add claims against the Kennedys, but the district court again dismissed all of the plaintiffs' claims. *Id.* at 614-15, 747 P.2d at 260-61. In the second appeal, our Supreme Court held that the lis pendens remained in effect despite the district court's release of the lis pendens notice, and the lis pendens was therefore valid when the Robertses sold

5

the property to the Kennedys. *Id.* at 615, 747 P.2d at 261. The Robertses argued that the plaintiffs' failure to post a supersedeas bond in the first appeal allowed the Kennedys to be bona fide purchasers. *Id.* The Court rejected this argument and relied on *Higgins* for the proposition that "a self-executing judgment or order which does not command or permit that any act be done, or is not of a nature to be actively enforced by execution or otherwise, is not within [Section 39-3-9]." *Id.* at 616, 747 P.2d at 262. The Court held that "[t]he trial court entered judgment for the Roberts[es], who, at that time, held both title and possession to the property. There existed no judgment to stay and no change in the status of the parties in relation to the property." *Id.* The Court concluded that "the judgment was self-executing and the trial court's . . . dismissal of the . . . amended complaint against the Kennedys, for failure to post a supersedeas bond, was error." *Id.*

**{19}** The circumstances in the present case are similar to those in *Salas*. In both cases, the appellants—who were not in possession of the property—filed a notice of lis pendens, and the requirement for the appellants to post a supersedeas bond was pivotal. The Supreme Court in *Salas* made it clear that a supersedeas bond under Section 39-3-9 is necessary *only* if the judgment being appealed decrees ownership of real property in a party who is *not* in possession of the property. *See Salas*, 106 N.M. at 616, 747 P.2d at 262. Here, the judgment being appealed decrees ownership in Defendant, who *is* in possession. In addition, in holding that the district court in *Salas* committed error by basing its dismissal of the plaintiffs' claim on the absence of a supersedeas bond, the Court signaled that requiring a supersedeas bond under the circumstances of the present case would also be error.

**{20}** Defendant does not attempt to distinguish *Salas*. Instead, Defendant appears to argue that the district court had the discretion to order the supersedeas bond, not to secure a stay of the judgment's execution, but as security against the damages Defendant might incur due to the title impediment created by the lis pendens notice. In support, Defendant relies on the language of Section 39-3-9, which states that "the trial court shall fix the amount of the supersedeas bond, if supersedeas is granted, for such sum as will indemnify the appellee for all damages that may result from such supersedeas, or from such appeal or writ of error."

**{21}** We are not persuaded for two reasons. First, our case law establishes that "[t]he term supersedeas, as it is understood in this state, is synonymous with a stay of proceedings, stay of execution, or simply stay." *Quintana v. Knowles*, 113 N.M. 382, 382, 827 P.2d 97, 97 (1992). "[W]here no stay has been sought, a trial court, under Section 39-3-9 cannot order the appellant to post a bond." *Id.* at 386, 827 P.2d at 101. Plaintiff in the present case did not seek a stay.

**{22}** Second, the Supreme Court in *Quintana* expressly overruled any suggestion that Section 39-3-9 could be interpreted to suggest that a district court may require an appellant, who has not sought a stay, to post a supersedeas bond "if the appellee can demonstrate that the appeal will work to the appellee's prejudice." *Quintana*, 113 N.M. at 387, 827 P.2d at 102. Reading *Salas* and *Quintana* together, we conclude that no matter how prejudiced Defendant may claim to be by Plaintiff's appeal and the attendant lis pendens notice, the

6

district court had no authority to require Plaintiff to post a supersedeas bond. Like the Court in *Quintana*, we are "in sympathy with a prevailing party left in possession of real estate whose development is harmed by reason of appellate delay." *Id.* at 382, 827 P.2d at 97. We nonetheless hold that the district court's order requiring the supersedeas bond was "not in accordance with law," and it must be vacated. Rule 12-207(D)(3).

**CONCLUSION**

**{23}** For the foregoing reasons, we reverse the district court's order denying Plaintiff's motion for reconsideration of the order requiring supersedeas bond. We remand with instructions to the district court to vacate the October 9, 2008, order establishing the supersedeas bond.

**{24}  IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for *Dantonio v. Crowder*, Docket No. 27,800 and Docket No. 30, 549**

| **AE** | **APPEAL AND ERROR** |
|---|---|
| AE-SR | Standard of Review |

| **CN** | **CONTRACTS** |
|---|---|
| CN-IN | Interpretation |

| **CP** | **CIVIL PROCEDURE** |
|---|---|
| CP-SE | Settlement Agreement |
| CP-SJ | Summary Judgment |

| **JM** | **JUDGMENT** |
|---|---|
| JM-ST | Settlements |

| **PR** | **PROPERTY** |
|---|---|
| PR-DD | Deed |
| PR-PA | Partition |

PR-QT        Quiet Title
PR-RE        Real Estate Contract
PR-RR        Reversion

**RE          REMEDIES**
RE-EQ        Equity