IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2007

Charles R. Fulbruge III
Clerk

No. 07-10102

RABO AGRIFINANCE INC, an Iowa Corporation

Plaintiff - Appellee

v.

TERRA XXI LTD; ROBERT WAYNE VEIGEL; ELLA MARIE WILLIAMS
VEIGEL; VEIGEL FARMS INC; VEIGEL CATTLE COMPANY

Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-314

Before REAVLEY, SMITH, and GARZA, Circuit Judges.

PER CURIAM:[*]

Terra XXI, Ltd., et al. (collectively, "Terra XXI") appeal the district court's grant of summary judgment to Rabo Agrifinance, Inc. Rabo Agrifinance[1] brought this diversity suit to collect the unpaid balance on two promissory notes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The suit was actually brought by Rabo AgServices. As a result of a 2006 merger, Rabo Agrifinance became the successor-in-interest to Rabo AgServices.

executed by Terra XXI. For the following reasons, we affirm the district court's judgment.

1. We review the district court's grant of summary judgment de novo. Texas Indus., Inc. v. Factory Mut. Ins. Co., 486 F.3d 844, 846 (5th Cir. 2007). Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

2. Terra XXI avers that Rabo Agrifinance does not have standing to bring this suit because its injury is not traceable to Terra XXI's actions. Rabo Agrifinance does have standing. Terra XXI, Ltd.'s bankruptcy reorganization plan allows a claim by First Ag Credit (the owner of the relevant notes, the "Senior Notes," at the time of the bankruptcy) and results in First Ag Credit receiving the full amount owed by Terra XXI. It is clear from the plan that the obligations under the Senior Notes were preserved, to be repaid according to a different schedule. The debt restructured is the debt resulting from the two senior promissory notes. After the bankruptcy, in 2004, First Ag Credit assigned to Rabo Agrifinance its interest in the notes, which plainly included First Ag Credit's rights under the bankruptcy plan.

3. Terra XXI also contends that any cause of action on the Senior Notes accrued in August 2000, just prior to Terra XXI's bankruptcy filing. Thus, this suit, filed in December 2005, would be barred by Texas's four year statute of limitations for recovering on a debt. Tex. Civ. Prac. & Rem. Code § 16.004(a)(3).

Terra XXI's argument fails because Rabo Agrifinance's cause of action did not accrue until June 20, 2003. If the note or deed of

trust has an optional acceleration clause, the cause of action does not accrue until the note holder actually exercises the option to accelerate. Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001). Effective acceleration requires "clear and unequivocal" notice of intent to accelerate and notice of actual acceleration. Id.

Terra XXI asserts that the August 15, 2000 letter from First Ag Credit's attorney constituted notice of actual acceleration. The letter states:

> Demand is hereby made for payment in full to First Ag Credit, FCS of the unpaid balance of the June 1, 2000 semi-annual installment referenced above, plus the amount of any other unpaid advances made by First Ag Credit, FCS pursuant to the Deed of Trust, plus the collection costs incurred by First Ag Credit, FCS in connection with this matter . . . .
> In the event that on or before 10:00 a.m., Lubbock, Texas local time, on September 4, 2000, the above-demanded sum is not paid to First Ag Credit, FCS . . . then the entire unpaid principal balance of the Indebtedness, together with the accrued and earned but unpaid interest owing thereon, will be accelerated and will be fully due and payable. In addition, if the Indebtedness is accelerated as set forth above, First Ag Credit, FCS will institute collection proceedings under its loan documents . . . .

(emphasis added). Actual acceleration means that the loan is matured and the entire debt is due at that time. Terra XXI claims that "unpaid balance . . . plus the amount of any other unpaid advances made by First Ag Credit" means the entire debt was due because the only "other unpaid advance[]" was the rest of the loan.

Read in the context of the entire letter, Terra XXI's interpretation is unreasonable. If First Ag Credit were actually

accelerating the loan, one would expect it to use the term "acceleration." Texas law requires that actual acceleration be made in a "clear and unequivocal" statement, which this statement is not. Additionally, the second paragraph makes clear that actual acceleration is conditioned upon failure to cure the default by September 4, 2000. Of course, actual acceleration never occurred on September 4, 2000 because Terra XXI, Ltd. filed for bankruptcy and the automatic stay prevented acceleration. Acceleration did occur, however, on June 20, 2003, rendering this suit, filed in December 2005, well within the four-year statute of limitations.

4. Terra XXI also asserts that it constitutes double recovery to allow Rabo Agrifinance to recover on the Senior Notes, as well as to allow its wholly-owned subsidiary, Ag Acceptance Corp., to own, as a result of the "Junior Note" foreclosure auction, the Texas properties also securing the Senior Notes. Defendants claim that through "creative corporate structuring" Rabo Agrifinance is attempting to make Terra XXI pay twice for the notes secured by the Texas property. This argument fails.

In Texas, the "one satisfaction rule provides that a party which suffers but one injury can recover only one satisfaction for damages arising from that injury." El Paso Natural Gas Co. v. Berryman, 858 S.W.2d 362, 364 (Tex. 1993). Here, there are two separate injuries: the default on the Junior Notes and the default on the Senior Notes. Even if we do not recognize the creative corporate structuring that renders Ag Acceptance Corp. a separate corporate entity, the foreclosure on, and auction of, the Texas properties was in order to satisfy the damages resulting from default on the Junior Notes. This suit and the district court's judgment satisfy the

damages resulting from default on the Senior Notes. Furthermore, Rabo Agrifinance paid approximately $3 million to acquire the Senior Notes. Thus, the district court's judgment covers the cost of purchasing the Senior Notes from First Ag Credit and does not go toward covering the deficiency from the Junior Note foreclosure.

AFFIRMED.