# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

No. 11-11166

Lyle W. Cayce
Clerk

TERRA PARTNERS,

Plaintiff - Appellant

v.

RABO AGRIFINANCE, INCORPORATED; AG ACCEPTANCE
CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas, Amarillo
USDC No. 2:08-CV-194

Before JOLLY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

After reviewing the briefs, the relevant portions of the record, and the applicable law, we find no reversible error in the district court's three opinions granting summary judgment in favor of Defendants-Appellees Rabo Agrifinance, Inc. and Ag Acceptance Corporation. Summary judgment is AFFIRMED, essentially for the reasons given by the district court in its well-considered opinions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11166

In addition, Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for monetary sanctions against would-be amicus Steve Veigel is GRANTED, and an injunction is GRANTED enjoining future litigation by Steve Veigel, Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners.

## I.

On September 20, 2012, Steve Veigel sought to file a *pro se* amicus brief in support of Terra Partners.[1] Steve Veigel has an obvious interest in this case. He is an authorized managing agent for Terra Partners, is a corporate officer for all four of the corporate partners that form Terra Partners, owns all shares in one of the corporate partners, and half of the shares in another. In his amicus brief, Steve Veigel asserts that prior decisions of this court "are legal nullities that are void *ab initio*." We have previously rejected his argument. *See Rabo Agrifinance, Inc. v. Veigel Farm Partners*, 328 F. App'x 942, 943 (5th Cir. May 15, 2009). The brief thus is frivolous.

## II.

## A.

Rabo Agrifinance, Inc. and Ag Acceptance Corporation moved for sanctions against both Steve Veigel and Terra Partners. Although we do not impose monetary sanctions against Terra Partners,[2] we find that Steve Veigel acted in bad faith and impose sanctions. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) ("We may impose sanctions on appeal . . . if necessary.").

---

[1] His motion for leave to file an out of time motion to file an amicus brief, an opposed motion to file an amicus brief, and an opposed motion to file an amicus brief in excess of the page limit were all denied. The amicus brief was filed months late and was 18,515 words, far exceeding the 7,000-word limit.

[2] Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for sanctions thus is DENIED with respect to monetary sanctions against Terra Partners.

No. 11-11166

Federal courts have an inherent power "to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."). The threshold for using our inherent powers is high, and we "must make a specific finding that the sanctioned party acted in 'bad faith,'" before imposing sanctions. *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 209 (5th Cir. 1998) (quoting *Matta v. May*, 118 F.3d 410, 413 (5th Cir. 1997)) (emphasis omitted). Steve Veigel's void ab initio argument was affirmatively rejected by this court, and his brief threatens future litigation premised on the same argument. *See Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002) ("[F]ederal courts also have the inherent power to impose sanctions against vexatious litigants."). Raising a patently frivolous legal argument and threatening continued meritless litigation is the definition of bad faith. Steve Veigel, therefore, is sanctioned in the amount of $3,000.

B.

In order to prevent Steve Veigel from continuing to raise the frivolous void ab initio argument, Rabo Agrifinance, Inc. and Ag Acceptance Corporation requested an injunction to prevent the filing of future litigation collaterally attacking this court's judgments.[3] We agree that an injunction is appropriate in this instance.

As previously stated, we have the inherent power to impose sanctions, including an injunction, against litigants who use the legal system to harass their opponents through vexatious litigation. *See Newby*, 302 F.3d at 302; *see*

---

[3] Steve Veigel has apparently already raised the argument again in an October 9, 2012 letter submitted to a New Mexico state court, claiming that the case of *Rabo Agrifinance v. Terra XXI,* 257 F. App'x 732 (5th Cir. Dec. 7, 2007), was a legal nullity, void ab initio.

*also Farguson*, 808 F.2d at 359 ("That his filings are *pro se* offers . . . no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). We recognize, however, that "injunction[s] against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360.

In this case, Steve Veigel stated that he intends to raise the same void ab initio argument in future Rule 60(b) motions; petitions for writs of mandamus in state or federal court; motions to reopen bankruptcy cases for consideration of motions for contempt; bills of review in state court; and other collateral attacks on the prior judgments of this court. His position is not supported in existing law and is not a reasonable argument to extend or modify the law, given that this court has already ruled on his argument. The future litigation he threatens would be repetitive, vexatious, previously resolved, and meritless. A narrowly-tailored injunction is an appropriate sanction to protect this court's judgments and to prevent the continued filing of vexatious litigation.

It is therefore ORDERED:

No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided. Furthermore, it is ORDERED that said Steve Veigel shall pay into the registry of this court the sum of three thousand dollars ($3,000) by and no later than January 4, 2013.

JUDGMENT AFFIRMED.

SANCTIONS AND INJUNCTION ORDERED.