**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: _____**

**Filing Date: June 25, 2014**

**Docket No. 32,697**

**RABO AGRIFINANCE, INC.,**
**Successor in Interest to Farm**
**Credit Bank of Texas,**

        **Plaintiff-Appellee,**

**v.**

**TERRA XXI, LTD., a Texas Limited**
**Partnership, composed of VEIGEL CATTLE**
**Company, as General Partner;**
**ROBERT WAYNE VEIGEL, a/k/a BOB W. VEIGEL;**
**ELLA MARIE WILLIAMS VOGEL, a/k/a ELLA MARIE VEIGEL;**
**VEIGEL CATTLE COMPANY, a Texas corporation;**
**VEIGEL FARM PARTNERS, a Texas general partnership**
**d/b/a Veigel Partners;**
**BOB VEIGEL, INC., a Texas corporation;**
**STEVE VEIGEL, INC., a Texas corporation;**
**VEIGEL-KIRK, INC., a Texas corporation;**
**VICKI VEIGEL, INC., a Texas corporation;**
**VEIGEL FARMS, INC., a Texas corporation;**
**TERRA PARTNERS, a Texas general partnership;**
**BURNETT & VEIGEL, INC., a Texas corporation,**
**as general partner of Terra Partnership, a Texas general**
**partnership; and, ALL UNKNOWN CLAIMANTS**
**OF INTEREST IN THE PREMISES ADVERSE**
**TO THE PLAINTIFF,**

        **Defendants-Appellants.**

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Drew D. Tatum, District Judge**

Rowley Law Firm, L.L.C.
Richard F. Rowley, II
Richard F. Rowley, III

Clovis, NM

for Appellee

Keleher & McLeod, P.A.
Thomas C. Bird
James L. Rasmussen
Justin B. Breen
Albuquerque, NM

for Appellants

## OPINION

**FRY, Judge.**

**{1}**     Defendants, collectively referred to as Terra throughout this Opinion, appeal the district court's orders granting summary judgment in favor of Plaintiff[1] in a mortgage foreclosure proceeding and denying their motion under Rule 1-060(B)(5) NMRA for relief from the judgment. Terra argues that the district court erred in applying the after-acquired title doctrine and in denying their post-judgment motion under Rule 1-060(B)(5), arguing that the judgment has been satisfied. Because we disagree with Terra, we affirm.

## BACKGROUND

**{2}**     This is the second time this case has been before this Court, and we reiterate the basic facts underlying this suit from the first opinion. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 2012-NMCA-038, 274 P.3d 127. Plaintiff is the holder of two promissory notes secured by a mortgage covering property located in Quay and Guadalupe Counties, New Mexico (the New Mexico property) and a deed of trust covering land in Deaf Smith County, Texas. *Id.* ¶ 2. At the time Terra granted the mortgage, it owned an undivided fifty percent interest in the New Mexico property. *Id.* Five years later, Terra received a warranty deed to the New Mexico property that effectively gave it a 100 percent ownership interest in the property. *Id.* In 2005, Plaintiff successfully sued in federal court to collect on the amounts due on the promissory notes. *Id.* ¶ 3. Plaintiff subsequently brought suit in New Mexico to confirm the judgment entered against Terra and sought to foreclose the mortgage on the New Mexico property to the full extent of Terra's 100 percent interest on the basis of the after-acquired title doctrine. *Id.* ¶ 4. "The common law doctrine of after-acquired title is one under which title to land subsequently acquired by a grantor who previously attempted to convey title to the same land, which he then did not own, completely and automatically inures to the benefit

---

[1]In this Opinion, the term "Plaintiff" includes Rabo Agrifinance, Inc. and its predecessor in interest, Farm Credit Bank of Texas.

of his prior grantee." *Hays v. King*, 1989-NMSC-078, ¶ 8, 109 N.M. 202, 784 P.2d 21.

{3}     In the first appeal, we reversed the district court's ruling in favor of Terra that the doctrine of after-acquired title did not apply in this case. We held that "as a general matter, the after-acquired title doctrine can be applied in New Mexico in favor of a mortgagee of property based on mortgage covenants unless particular circumstances warrant non-application." *Rabo Agrifinance, Inc.*, 2012-NMCA-038, ¶ 18. Because the mortgage purported to convey Terra's interest in the New Mexico property "with mortgage covenants," *id.* ¶ 7 (internal quotation marks omitted), we remanded to the district court for further proceedings regarding the application of the after-acquired title doctrine to the facts of this case. *Id.* ¶ 18.

{4}     On remand, the district court applied the after-acquired title doctrine and concluded that because Terra granted the mortgage at issue "with mortgage covenants," it is estopped from claiming that the mortgage did not attach to the entire property when Terra subsequently obtained a 100 percent interest. Because Terra was estopped to claim that the mortgage did not attach to the entire New Mexico property, the district court granted summary judgment in favor of Plaintiff.

{5}     Following the entry of summary judgment, Terra sought to conduct further discovery on the issue of whether land in Texas that was also used to secure the mortgage had been sold, and, if so, whether the proceeds of the alleged sale satisfied the judgment. Terra ultimately filed a motion for relief from the judgment under Rule 1-060(B)(5), arguing that the judgment had indeed been satisfied because Plaintiff allegedly received sufficient funds in the sale of the Texas property to satisfy its judgment against Terra. The district court denied Terra's motion, and Terra now appeals.

**DISCUSSION**

**I.      After-Acquired Title Doctrine**

{6}     In arguing that the district court erred in applying the after-acquired title doctrine, Terra makes three main contentions. Terra argues that (1) the after-acquired title doctrine is limited by the extent of the grantor's conveyance, (2) the mortgage covenants did not expand the interest Terra purported to convey, and (3) the district court mistakenly focused on Plaintiff's intent in its application of the after-acquired title doctrine. We address these contentions in two parts. First, we group Terra's first two arguments into the basic determination of what Terra purported to convey in the mortgage. Second, we determine whether the district court improperly considered the Plaintiff's intent in applying the doctrine.

**A.      Terra Purported to Convey a 100 Percent Interest in the Property**

{7}     As a general matter, we take no issue with Terra's argument that application of the

3

after-acquired title doctrine is limited by the extent of the grantor's conveyance. As noted above, the doctrine "estops a grantor who obtains title to land after already granting the land from claiming the land as against the grantee." *Rendleman v. Heinley*, 2007-NMCA-009, ¶ 3, 140 N.M. 912, 149 P.3d 1009. "A grantor who executes a deed purporting to convey land to which he has no title or to which he has a defective title at the time of the conveyance will not be permitted, when he afterward acquires good title to the land, to claim in opposition to his deed as against the grantee[.]" *Hays*, 1989-NMSC-078, ¶ 9 (internal quotation marks and citation omitted). Terra's argument is therefore correct to the extent that if it did not purport to convey a 100 percent interest in the property, the after-acquired title doctrine could not benefit Plaintiff. *See Rendleman*, 2007-NMCA-009, ¶ 18 (explaining that the after-acquired title doctrine did not apply in another case "because there had been no attempt by the grantor to convey the property in question to one of the parties"). Thus, the threshold issue before us is what Terra purported to convey in the mortgage documents. We review this issue de novo. *Id.* ¶ 14 ("Whether the doctrine of after-acquired title applies is a question of law, which we review de novo.").

**{8}** Terra argues that it did not purport to convey a 100 percent interest in the property because it only purported to convey its "interest in and to" the New Mexico property in the mortgage. Terra likens this language to a quitclaim deed, to which the after-acquired title doctrine is likely inapplicable. *See Hays*, 1989-NMSC-078, ¶ 5 ("[The plaintiff cites] as authority . . . cases supporting the propositions that a quitclaim deed vests only the title held by the grantor at the time of the conveyance, and that the after-acquired title doctrine does not apply to one claiming title under a quitclaim deed. . . . [W]e have no quarrel with the substance of these cited authorities[.]"). Terra further argues that language in the mortgage stating that Terra granted, mortgaged, and conveyed its interest in and to the New Mexico property "with mortgage covenants" does not operate to enlarge the interest purportedly conveyed by the mortgage. For the reasons stated below, we conclude that the grant of the mortgage "with mortgage covenants" purported to convey a 100 percent interest in the property and that the district court therefore properly applied the after-acquired title doctrine.

**{9}** As an initial matter, we reject Defendants' invitation to view language in the mortgage as analogous to a quitclaim deed so as to preclude application of the after-acquired title doctrine. "[A]n essential characteristic of a quitclaim deed is that it contains no warranties or covenants by the grantor." *R & R Land Dev., L.L.C. v. Am. Freightways, Inc.*, 389 S.W.3d 234, 242 (Mo. Ct. App. 2012); *see* 23 Am. Jur. 2d *Deeds* § 10 (2014). The mortgage in this case was explicitly granted "with mortgage covenants" as well as with a litany of further "representations, warranties, and covenants." We thus conclude that any similarity between the "my interest in and to" language in this mortgage and language often found in quitclaim deeds ends at a purely semantic level.

**{10}** Furthermore, the phrase "mortgage covenants" has a specific, statutorily defined meaning in New Mexico. NMSA 1978, Section 47-1-40 (1947) states that the use of "mortgage covenants" in a mortgage is construed to mean that "the mortgagor . . . covenants with the mortgagee . . . that he is lawfully seized in fee simple *of the granted premises*; that

4

they are free from all encumbrances; that the mortgagor has good right to sell and convey the same; and that he will . . . warrant and defend the same to the mortgagee . . . forever against the lawful claims and demands of all persons." (emphasis added) (internal quotation marks omitted). We therefore construe "with mortgage covenants" as covenanting the entirety of the premises listed in the mortgage. We do not deny that this presumption can be overcome by an express statement to the contrary; however, we find no such language in the mortgage at issue. In particular, the mortgage makes no mention that the granted premises are limited to a fifty percent interest, and we would be required to read such language into the mortgage to determine that the statement "my interest in and to" referred to only a fifty percent interest. *Cf. Sharpe v. Smith*, 1961-NMSC-038, ¶ 18, 68 N.M. 253, 360 P.2d 917 ("It is the intent which is expressed in the deed and not a secret intention of the party . . . existing at the time of execution that is controlling." (internal quotation marks omitted)).

**{11}** Thus, when we construe the language "with mortgage covenants" in accordance with Section 47-1-40, the mortgage purports to convey the entirety of the granted premises—the property listed in the mortgage—and not only the fifty percent interest Terra possessed at the time it executed the mortgage. This is not an "expansion" of the interest Terra conveyed, as Terra argues. Instead, when construed in accordance with Section 47-1-40, "with mortgage covenants" clarifies what "interest in and to" the property Terra purported to convey: fee simple absolute. This Court's opinion in the first appeal concluded as much in the general sense, and we see no reason to fully reiterate this Court's analysis on this point. *Rabo Agrifinance, Inc.*, 2012-NMCA-038, ¶ 12 (stating that it is well settled that when one purports to convey land in fee simple through a mortgage, any title to the property acquired afterwards will inure to the benefit of the mortgagee). In sum, because Terra purported to convey the entire property listed in the mortgage, the district court properly applied the after-acquired doctrine to conclude that the subsequently acquired fifty percent interest inured to the benefit of Plaintiff.[2]

**B.      The District Court Did Not Rely on the Grantee's Intent**

**{12}** Terra also argues that the district court inappropriately focused on the intent of the grantee—Plaintiff—in applying the after-acquired title doctrine. While we are uncertain which portion of the district court's decision evinces a reliance on Plaintiff's intent since Terra does not provide citation to the record to support this assertion, we assume that the basis of Terra's contention is the district court's statement in its decision letter that Plaintiff "believed the mortgage to cover 100 [percent] of the real property at issue herein, but [Terra]

---

[2]Terra requested that if this Court affirms the judgment, the judgment be modified to exclude the "Snipes Property," which was excluded from the judgment in the first appeal but was not excluded from the judgment we are reviewing in the present appeal. We believe such a determination—whether the property was inadvertently included in the judgment—is best handled by the district court on remand.

only owned an undivided 50 [percent] interest in the real property." Our reading of the district court's decision on the after-acquired title doctrine issue, however, does not show any reliance by the district court on Plaintiff's intent. Similar to what we concluded above, the district court determined that Terra "granted the mortgage 'with mortgage covenants' [and is] now estopped by the after-acquired title doctrine from claiming the mortgage did not attach to the entire real property at the time [Terra] obtained [a 100 percent interest] in the real property."

## II.    Rule 1-060(B)(5)

**{13}**    Terra argues that the district court erred in denying its motion under Rule 1-060(B)(5) that the judgment in this case has been satisfied. Rule 1-060(B)(5) provides that "the court may relieve a party or his legal representative from a final judgment . . . [when] the judgment has been satisfied, released, or discharged[.]" "We generally review the trial court's ruling under Rule 1-060(B)[(5)] for an abuse of discretion except . . . where the issue is one of pure law." *Edens v. Edens*, 2005-NMCA-033, ¶ 13, 137 N.M. 207, 109 P.3d 295 (internal quotation marks and citation omitted).

**{14}**    We briefly set out a simplified version of the alleged facts pertinent to Terra's argument. In addition to securing the underlying notes in this case with the mortgage covering the New Mexico property, Terra also secured the notes with a deed of trust covering a large portion of land in Texas. Terra subsequently granted second and third lien interests on the properties. Following default and non-judicial foreclosure of the Texas property, Ag Acceptance Corporation (AAC), the third lienholder and entity seeking foreclosure, was the successful bidder and took the Texas property subject to Plaintiff's first and second liens. Terra alleges that AAC then sold the Texas property to Champion Feeders, LLC some ten years later, free and clear of Plaintiff's first and second liens and the related judgment lien. Terra argues that any payment Plaintiff received from AAC to release its liens on the property should have been credited against the judgment.

**{15}**    Terra raises two points. Terra first argues that the debt and judgment in the present case has been satisfied by "necessary implication" as a result of the conveyance of the Texas property free and clear of Plaintiff's liens. Second, Terra argues that if Plaintiff denies receiving compensation for the release of its liens on the Texas property, the primary fund doctrine requires that the judgment be satisfied first from the Texas property, not the New Mexico property.

**{16}**    Terra cites no authority to support its first argument—that monies paid by a successful bidder in a foreclosure sale to a senior lienholder in order to extinguish the senior lienholder's liens should be credited toward the judgment debtor's debt. Instead, Terra cites NMSA 1978, § 48-7-4(A) (1991), which states that "[w]hen any debt . . . secured by a mortgage or deed of trust upon any real estate in the state has been fully satisfied, it is the duty of the mortgagee . . . to cause the full satisfaction of it to be entered of record in the office of the county clerk." We fail to see how this statute supports Terra's assertion. If

6

Terra had satisfied its debt to Plaintiff then Plaintiff would have a duty to record it in the office of the county clerk. *See* § 48-7-4(A). That is not what happened here. Terra defaulted on its obligations, and the property securing such obligations was foreclosed on. Therefore, because Terra cites no authority to support its proposition, we conclude that the district court did not abuse its discretion in denying the Rule 1-60(B)(5) motion on this point. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

**{17}** As for Terra's argument regarding the primary fund doctrine, we decline to review this contention because Terra did not preserve the error below. Terra acknowledges that it did not refer to the primary fund doctrine in its Rule 1-060(B)(5) motion, nor did it cite to the case it primarily relies on to support its argument. However, Terra contends that its argument below embodies the principles of the primary fund doctrine and that therefore the issue was preserved. We disagree. We will not conclude that the district court abused its discretion in failing to apply a doctrine of law when that doctrine was not presented to the district court. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 (stating that to preserve an issue for review on appeal, it must appear that the plaintiff fairly invoked a ruling on the same grounds argued in the appellate court). Accordingly, we conclude that the district court did not abuse its discretion in denying Terra's motion under Rule 1-060(B)(5).

**CONCLUSION**

**{18}** For the foregoing reasons, we affirm the district court's grant of summary judgment and its denial of Terra's Rule 1-060(B)(5) motion.

**{19}** **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**

7