This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37199**

**RABO AGRIFINANCE, LLC, a
Delaware limited liability company,**

Plaintiff-Appellee,

v.

**STEVE VEIGEL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY
Albert J. Mitchell, Jr., District Judge**

Rowley Law Firm, L.L.C.
Richard F. Rowley, II
Clovis, NM

for Appellee

William F. Davis & Associates, P.C.
William F. Davis
Nephi D. Hardman
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Steve Veigel (Defendant) appeals the district court's orders denying discovery and granting summary judgment in favor of Rabo Agrifinance, LLC (Plaintiff). We affirm.

**BACKGROUND**

**{2}** This case stems from litigation in a related foreclosure action (the foreclosure case) between Plaintiff, successor in interest to Farm Credit Bank of Texas (FCBT) and First Ag Credit, and entities run by members of the Veigel family. The foreclosure litigation has included three prior appeals in this Court. *See Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, No. 34,757, mem. op. ¶ 1 (N.M. Ct. App. Nov. 18, 2015) (non-precedential); *see also Rabo Agrifinance, Inc. v. Terra XXI*, Ltd., 2014-NMCA-106, ¶ 2, 336 P.3d 972; *Rabo Agrifinance, Inc. v. Terra XXI*, Ltd., 2012-NMCA-038, ¶ 2, 274 P.3d 127; and a fourth appeal is pending. *See Rabo Agrifinance, LLC v. Terra XXI Ltd.*, No. A-1-CA-37117, mem. op. (N.M. Ct. App. Jan. 9, 2020) (non-precedential).

**{3}** In the present case, Plaintiff filed a declaratory judgment action to have a special warranty deed issued to Defendant declared null and void. The deed in question was filed on July 9, 2015 (the July 2015 Deed), conveying real property in Quay County—all of Section 7, Township Seven North (7N), Range Twenty-seven East (27E) N.M.P.M (the property at issue)—from three Veigel family entities, Terra XXI Ltd. (Terra XXI), Terra Partners, and S.S. Williams Testamentary Trust (SSWT Trust). Before this purported conveyance, on May 19, 2015, several properties, including the property at issue, were sold to Plaintiff at a foreclosure sale (the foreclosed properties). On the same day as the foreclosure sale, the three Veigel family entities allegedly conveyed to Defendant property interests in Guadalupe and Quay County (the May 2015 Deeds). Notably, eight years earlier in 2007, notice of lis pendens was filed on all the foreclosed properties, including the property at issue, and in the month prior to the May 2015 foreclosure sale, the Special Master published the required notices of sale in Quay and Guadalupe County newspapers. In the foreclosure case, Judge Tatum approved the foreclosure sale in his May 4, 2016 order, and declared the May 2015 Deeds to Defendant null and void in a June 2016 order.

**{4}** Since the July 2015 Deed was likewise clouding title to the foreclosed properties, Plaintiff filed its complaint seeking declaratory judgment regarding that deed in April 2017. After Defendant answered the complaint and Plaintiff filed its reply, the district court held a scheduling conference and elected to stay discovery given the potentially dipositive nature of the legal questions of res judicata and collateral estoppel and the litany of prior discovery and litigation related to the dispute. In its ensuing order on June 30, 2017, the district court outlined the briefing deadlines related to summary judgment and limited discovery such that Defendant was required to seek leave from the court if "a very limited amount of written discovery [was] needed in order to respond to Plaintiff's [m]otion for [s]ummary [j]udgment[.]" In July 2017 the district court extended the briefing deadlines by thirty days, with Plaintiff's motion for summary judgment due on September 1, 2017, and Defendant's response due on October 1, 2017.

**{5}** Plaintiff filed its summary judgment motion by the September 1 deadline, and its memorandum in support was served on Defendant the same day. However, Plaintiff's memorandum in support was not filed with the district court until September 5, 2017, because Plaintiff was instructed by the clerk of court to mail the voluminous exhibits (approximately 320 pages) instead of filing them electronically. Defendant filed a timely response (response in opposition), stating that a memorandum was forthcoming, but did

not request leave of the court for his failure to file by the deadline. Fifteen days later, on October 16, 2017, Defendant filed a seventy-page memorandum accompanied by almost 1,400 pages of exhibits (memorandum in opposition)—again without requesting leave of the court or acknowledging his failure to meet the district court's deadline—one day before Plaintiff timely filed its reply brief.

**{6}** On October 20, 2017, the district court scheduled the motion for summary judgment hearing for January 29, 2018. Two months later on January 22, 2018, Defendant moved for an order allowing him to conduct discovery and also vacate the summary judgment hearing. At the January 29 hearing, the district court heard arguments on Defendant's motion for discovery and to delay resolving Plaintiff's summary judgment motion, but denied the motion given its timing and how deeply intertwined Defendant was in the entirety of the litigation history between the parties. The district court then took judicial notice of Judge Tatum's January 2018 order in the foreclosure case and stated that "many of the issues are overlapping" from that case. Then, the district court heard arguments on the summary judgment motion, and granted summary judgment in favor of Plaintiff. The district court issued an order to that effect (the final order), finding that Defendant's memorandum in opposition was untimely, and that based on Plaintiff's undisputed facts and the doctrine of res judicata and collateral estoppel, Plaintiff was entitled to judgment as a matter of law. Defendant appeals.

## DISCUSSION

### I. The District Court Did Not Abuse its Discretion in Denying Defendant's Untimely Discovery Request

**{7}** Defendant contends that the district court abused its discretion in denying his discovery request. We disagree. We review the district court's decision limiting discovery for an abuse of discretion. *See Reaves v. Bergsrud*, 1999-NMCA-075, ¶ 13, 127 N.M. 446, 982 P.2d 497. "An abuse of discretion occurs when the trial court's ruling is against the facts, logic, and circumstances of the case or is untenable or unjustified by reason." *Id.* While there is a general presumption in favor of pretrial discovery under Rule 1-026(B)(1) NMRA, "the [district] court is vested with the authority to limit discovery[,]" and "where it appears that the party requesting discovery has already been granted sufficient information discovery may be properly denied or limited." *Reaves*, 1999-NMCA-075, ¶ 14 (alteration, internal quotation marks and citation omitted).

**{8}** In this declaratory action, the district court quickly elected to curtail discovery given the dispositive legal questions of res judicata and collateral estoppel and the extensive previous discovery and litigation related to the dispute. Moreover, in its scheduling order, the district court put Defendant on notice that if he needed a limited amount of discovery to respond to the summary judgment motion, he had to request leave of the court. *See State ex rel. State Highway Dep't v. Branchau*, 1977-NMSC-048, ¶ 5, 90 N.M. 496, 565 P.2d 1013 ("The pretrial order determines the issues and becomes the law of the case."). Defendant then filed his response and memorandum in opposition without requesting leave of the court to conduct further discovery. More than

two months later, however, and only seven days before the summary judgment hearing, Defendant filed a broad discovery motion, which was not limited to the discovery of specific information but rather a general request for discovery on all issues, including to support Defendant's counterclaims.[1] Considering the circumstances here—the untimeliness and overbreadth of Defendant's discovery request, Defendant's non-compliance with the pretrial order, and the dispositive nature of legal questions at issue—we hold that the district court did not abuse its discretion in denying Defendant's motion for discovery.

## II. The District Court Did Not Err in Granting Plaintiff's Motion for Summary Judgment

**{9}** Defendant next argues that the district court erred in granting summary judgment for several reasons: (1) Plaintiff failed to meet its burden to demonstrate that there are no genuine issues of material fact; (2) Plaintiff did not have standing to pursue the relief it sought under the federal Farm Credit Act; (3) the district court erred in applying res judicata and collateral estoppel; and (4) res judicata and collateral estoppel are inapplicable because prior court rulings were subject to collateral attack as void judgments that violated the bankruptcy court's discharge injunction and plan confirmation. We are unpersuaded.

**{10}** We review the final order granting summary judgment de novo. *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 14, 416 P.3d 264. We consider "the facts in a light most favorable to the party opposing summary judgment and draw all reasonable inferences in support of a trial on the merits." *Id.* (internal quotation marks and citation omitted). Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* ¶ 16 (internal quotation marks and citation omitted).

**{11}** "The party moving for summary judgment has the initial burden of establishing a prima facie case for summary judgment by presenting such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *City of Rio Rancho v. Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 14, 150 N.M. 428, 260 P.3d 414 (internal quotation marks and citation omitted). "The movant need not demonstrate beyond all possibility that no genuine factual issue exists." *Parker v. E.I. DuPont de Nemours & Co.*, 1995-NMCA-086, ¶ 10, 121 N.M. 120, 909 P.2d 1. Once the movant meets this burden of a prima facie showing, "the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the

---

1To the extent that Defendant relies on Rule 1-056(F) NMRA, Defendant has failed to develop his argument because he has not addressed any of the factors that New Mexico courts consider when determining whether summary judgment was prematurely granted without an adequate opportunity for the non-moving party to conduct discovery. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *see also Sun Country Sav. Bank of N.M., F.S.B. v. McDowell*, 1989-NMSC-043, ¶ 27, 108 N.M. 528, 775 P.2d 730 (outlining "several critical factors" when determining whether summary judgment was prematurely granted without an adequate opportunity for the non-moving party to conduct discovery).

merits." *Freeman*, 2018-NMSC-023, ¶ 16 (internal quotation marks and citation omitted); *see* Rule 1-056(E) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). If the non-movant "does not so respond, summary judgment, if appropriate, shall be entered" in favor of the moving party. Rule 1-056(E).

**{12}** Before we proceed to the merits of the district court's ruling, we must first address a procedural question arising from Defendant's failure to timely respond to the summary judgment motion. The district court issued a modified scheduling order on July 6, 2017, setting out the following briefing deadlines for the summary judgment motion: Plaintiff's motion was due on September 1, 2017, and Defendant's response was due on October 1, 2017. The district court provided Defendant an additional fifteen days so that he had a total of thirty days to respond. *See* Rule 1-056(D)(2) ("A party opposing the motion shall, within fifteen (15) days after service of the motion, submit to the court a written memorandum containing a short, concise statement of the reasons in opposition to the motion with authorities.").

**{13}** Plaintiff timely filed its summary judgment motion and served Defendant with both its motion and memorandum on September 1. However, Plaintiff's memorandum in support was filed with the court on September 5, four days later, which Plaintiff asserts is in compliance with the clerk's instructions to mail the voluminous set of exhibits. Thereafter, Defendant timely filed a short response in opposition, which did not controvert any facts or contain any exhibits. *See* Rule 1-056(D)(2) ("All material facts set forth in the statement of the moving party shall be deemed admitted unless *specifically* controverted." (emphasis added)). Defendant stated that a memorandum in opposition to the motion was forthcoming, but did not request leave from the court for the delay. Two weeks later, on October 16, 2017, Defendant filed his untimely memorandum in opposition, again without requesting leave of the Court to do so. After holding a hearing on the pending motions, in its final order granting the summary judgment motion, the district court found:

> 1.  Defendant's memorandum [in opposition] and exhibits thereto were not timely filed[,] pursuant to [c]ourt [o]rder entered on July 6, 2017.
>
> 2.  The [c]ourt finds that . . . Plaintiff's material undisputed facts were not refuted and that the doctrine of res judicata and collateral estoppel apply and that Plaintiff is therefore entitled to judgment as a matter of law on the issues raised in its [c]omplaint and Defendant's [c]ounterclaims should be dismissed.

**{14}** "[T]he district court cannot rely on the non-moving party's failure to timely respond as the *sole basis* for granting a motion for summary judgment." *Freeman*, 2018-NMSC-023, ¶ 17 (emphasis added); *see Brown v. Taylor*, 1995-NMSC-050, ¶ 8, 120 N.M. 302, 901 P.2d 720 ("The moving party may not be entitled to judgment even if the non-moving party totally fails to respond to the motion."). Before granting summary

judgment, the district court must determine "despite the lack of a response whether, on the merits, the moving party satisfied the burden under Rule 1-056(C)." *Atherton v. Gopin*, 2015-NMCA-003, ¶ 24, 340 P.3d 630 (alteration, internal quotation marks, and citation omitted). Summary judgment may be granted as a sanction, but such a sanction "must be reserved for the extreme case and used only where a lesser sanction would not serve the ends of justice." *Freeman*, 2018-NMSC-023, ¶ 20 (internal quotation marks and citation omitted).

**{15}**    In this case, the district court did not grant summary judgment to sanction Defendant for his failure to timely submit his memorandum in opposition. Instead, the district court concluded that Defendant's failure to timely respond and present disputed facts, amounted to an admission of Plaintiff's statement of undisputed material facts. Rule 1-056(D)(2) supports this conclusion, providing that "[a]ll material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted." If a nonmoving party's failure in his response to challenge a statement of material fact in a motion for summary judgment amounts to an admission of the fact, it stands to reason that a failure to timely file a response has the same effect.

**{16}**    Moreover, Defendant did not request leave for the delay in filing his memorandum in opposition, and we will not find an abuse of discretion where a party never asked the district court to exercise its discretion to grant leave. *See* Rule 12-216(A) NMRA (2016, recompiled and amended as 12-321 NMRA, effective Dec. 31, 2016) ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"). In addition, the district court's grant of summary judgment in this case was not a sanction for Defendant's untimely response or any other litigation conduct; the district court decided Plaintiff's motion on the merits, concluding that Plaintiff met its initial burden and that the application of res judicata and collateral estoppel was appropriate. Accordingly, we limit our review of the district court's granting of Plaintiff's motion for summary judgment to whether the motion and any evidence Plaintiff submitted demonstrate the absence of any "genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" and whether the district court properly applied the law to the facts. Rule 1-056(C); *see Leach v. N.M. Junior Coll.*, 2002-NMCA-039, ¶ 9, 132 N.M. 106, 45 P.3d 46 ("We review de novo the district court's application of the law to the evidence in arriving at its legal conclusions.").

**{17}**    Before turning to this question, we address two additional procedural issues that Defendant raises on appeal: improper service and the lack of certification. First, Defendant contends that he was served a shortened version of Plaintiff's motion and memorandum in support, specifically 329 pages instead of 333 pages, in violation of Rule 1-005(A) NMRA.[2] However, Defendant failed to properly preserve this issue.

---

[2]In his reply brief, Defendant also asserts that electronic service via email was improper unless the party or attorney has agreed to be served with pleadings or papers by electronic mail. *See* Rule 1-005(C). "[T]he general rule is that we do not address issues raised for the first time in a reply brief[.]" *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65. As such, we focus our brief inquiry concerning improper service on the page discrepancy.

Defendant did not alert the court of the discrepancy in his response in opposition; nor did Defendant raise this issue at the summary judgment hearing. *See* Rule 12-321(A) ("To preserve a question for review, it must appear that a ruling or decision by the [district] court was fairly invoked."). Although Defendant raised the discrepancy in his memorandum in opposition, the memorandum was untimely filed and not considered by the district court as a result. Under these circumstances, we conclude that Defendant failed to preserve this issue. *See* Rule 12-321(A); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."); *see also Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). Moreover, even if Defendant did preserve his argument, he fails to identify which pages were missing and how he was prejudiced in his response by their absence. *See Kennedy v. Dexter Consol. Schs.*, 2000-NMSC-025, ¶ 26, 129 N.M. 436, 10 P.3d 115 ("An error is harmless unless the complaining party can show that it created prejudice."); *ERICA, Inc. v. N.M. Regulation & Licensing Dep't*, 2008-NMCA-065, ¶ 24, 144 N.M. 132, 184 P.3d 444 ("On appeal, error will not be corrected if it will not change the result." (internal quotation marks and citation omitted)). We, therefore, decline to address this argument.

**{18}** Next, Defendant contends that the district court should not have considered the exhibits attached to Plaintiff's motion for summary judgment because they were uncertified. However, this argument is similarly unpreserved because Defendant only raised it in his memorandum in opposition, which the district court did not consider due to its untimeliness. *See* Rule 12-321(A). And again, even if Defendant did preserve the issue, he fails to establish how the lack of certification prejudiced him, as he does not dispute the factual validity of the exhibits, which are public records, including past prior court rulings and deed records. *See Kennedy*, 2000-NMSC-025, ¶ 26. Accordingly, we also decline to address this argument.

**{19}** The remaining issues that Defendant raises on appeal hinge on purely legal questions including the applicability of the preclusion doctrines of res judicata and collateral estoppel. Claim preclusion or res judicata "bars relitigation of the same claim between the same parties or their privies when the [prior] litigation resulted in a final judgment on the merits[,]" while issue preclusion or collateral estoppel prevents relitigation of "ultimate facts or issues actually and necessarily decided in a prior suit." *Alba v. Hayden*, 2010 NMCA-037, ¶ 6, 148 N.M. 465, 237 P.3d 767 (internal quotation marks and citations omitted). Because we affirm the grant of summary judgment under the doctrine of res judicata, we need not address the applicability of collateral estoppel.

**{20}** We review a district court's application of res judicata de novo. *Brannock v. Lotus Fund*, 2016-NMCA-030, ¶ 20, 367 P.3d 888. Res judicata is applicable if four key elements are met: "(1) the parties must be the same or in privity, (2) the cause of action [and subject matter] must be the same, (3) there must have been a final decision . . . ; and (4) the . . . decision must have been on the merits." *Tafoya v. Morrison*, 2017-

NMCA-025, ¶ 32, 389 P.3d 1098 (alteration, internal quotation marks, and citation omitted). In addition, "the claimant must have had a full and fair opportunity to litigate the claim in the original action." *State ex rel. Bd. of Cty. Comm'rs v. Williams*, 2007-NMCA-036, ¶ 25, 141 N.M. 356, 155 P.3d 761 (internal quotation marks and citation omitted). The purposes of res judicata are "to protect [parties] from multiple lawsuits, to promote judicial economy, and to minimize the possibility of inconsistent judgments." *Tafoya*, 2017-NMCA-025, ¶ 32. Moreover, "[r]es judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised[,]" *Bank of Santa Fe v. Marcy Plaza Assocs.*, 2002-NMCA-014, ¶ 14, 131 N.M. 537, 40 P.3d 442, in order to "ensure[] finality, advance[] judicial economy, and avoids piecemeal litigation." *Id.*

**{21}** Defendant contends that res judicata is inapplicable in the present case regarding the July 2015 Deed because (1) he was not a party nor a party in privity to the foreclosure case or the Texas litigation, and (2) the cause of action is not the same.

**A.     Privity**

**{22}** As our Supreme Court has explained:

There is no definition of "privity" which can be automatically applied in all cases involving the doctrines of res judicata and collateral estoppel. Thus, each case must be carefully examined to determine whether the circumstances require its application. . . . Privity requires, at a minimum, a substantial identity between the issues in controversy and showing that *the parties in the two actions are really and substantially in interest the same.*

*Deflon v. Sawyers*, 2006-NMSC-025, ¶ 4, 139 N.M. 637, 137 P.3d 577 (emphasis added) (internal quotation marks and citation omitted). "Parties have been found in privity where they represent the same legal right or where they have a mutual or successive relationship to the same rights of property." *Brannock*, 2016-NMCA-030, ¶ 10 (alteration, internal quotation marks, and citation omitted).

**{23}** In this case, Defendant received property interests via the July 2015 Deed from three Veigel family entities: Terra XXI, Terra Partners, and SSWT Trust. Terra XXI and Terra Partners are parties in the foreclosure case wherein the property at issue was sold at the May 19, 2015 foreclosure sale to Plaintiff. *See Rabo Agrifinance, Inc.*, 2014-NMCA-106. Therefore, any property interests involved in the foreclosure case conveyed by those entities to Defendant is a successive interest, making Defendant a party in privity to the foreclosure case. *See Brannock,* 2016-NMCA-030, ¶ 10.

**{24}** Moreover, the notice of lis pendens on the properties in the foreclosure case was filed on June 29, 2007. Thus, Defendant cannot establish himself to be a bona fide purchaser since Defendant acquired his interests for only ten dollars, subsequent to the notice of lis pendens, and has been aware of foreclosure action and litigation across

jurisdictions since 2000. *See D'Antonio v. Crowder*, 2011-NMCA-016, ¶ 11, 149 N.M. 420, 249 P.3d 1243 ("[A] notice of lis pendens serves to give notice to any third parties contemplating acquiring an interest in the property in question that title to the property is subject to ongoing litigation."); *High Mesa Gen. P'ship v. Patterson*, 2010-NMCA-072, ¶ 8, 148 N.M. 863, 242 P.3d 430 ("The notice of lis pendens is also designed to protect unidentified prospective purchasers of property by alerting them to the existence of a lawsuit that could affect the title of the property."). As the United States Court of Appeals for the Fifth Circuit recognized, "[Defendant] has an obvious interest in this case. He is an authorized managing agent for Terra Partners, is a corporate officer for all four of the corporate partners that form Terra Partners, owns all shares in one of the corporate partners, and half of the shares in another." *Terra Partners v. Rabo Agrifinance, Inc.*, 504 F. App'x 288, 290 (5th Cir. 2012) (per curiam). To the extent that Defendant argues that the notice of lis pendens is of "no value" because it was not served on the defendants in the foreclosure action within sixty days, *see* NMSA 1978, § 38-1-15 (1873-1874), we emphasize that the purpose of lis pendens is to give constructive notice to bona fide purchasers, but Defendant is not a bona fide "purchaser" and in fact Defendant appears to be purposefully clouding title on the foreclosed properties. *See Kokoricha v. Estate of Keiner*, 2010-NMCA-053, ¶ 14, 148 N.M. 322, 236 P.3d 41 ("The result of filing a formal notice of lis pendens is that anyone dealing with the property in a subsequent transaction is prevented from being a bona fide purchaser without notice." (internal quotation marks and citation omitted)).

**{25}** Defendant next contends that SSWT Trust reacquired interest, specifically a mineral, wind, and solar rights deed, from Terra XXI in September 2003 prior to the commencement of the foreclosure action, that was subsequently transferred to him via the July 2015 Deed. In evaluating the interest Defendant received from SSWT Trust, our analysis suggests that SSWT Trust is also a party in privity with regard to the mineral, wind, and solar rights (collectively, the mineral rights).

**{26}** The undisputed facts provide that the SSWT Trust deeded the remainder of its interest in properties subject to the foreclosure case to Terra XXI in June 1999. The property at issue had in fact been conveyed five years earlier to Terra XXI via a Special Warranty Deed in November 1994 and soon thereafter encumbered by a mortgage with FCBT, Plaintiff's predecessor in interest. *See Rabo Agrifinance, Inc.*, 2014-NMCA-106, ¶ 2. However, while any interest subsequently conveyed is subject to Plaintiff's mortgage lien until such mortgage is released, SSWT Trust was not directly named in the notice of lis pendens or in the foreclosure case. Nevertheless, SSWT Trust can be found in privity because SSWT Trust's interests were *substantially the same and represented* by parties in the foreclosure case because all of the trustees of the SSWT Trust were represented by one entity or more entities in the foreclosure case[3] and because of how intertwined Defendant's interests were with the parties named in the notice of lis pendens and the foreclosure case—serving as president of Steve Veigel,

---

[3]The trustees of SSWT Trust are Defendant, Ella Marie Williams Veigel, Holly M. Veigel Kirk, and Vicki C. Veigel. Ella, Holly, and Vicki are listed as a limited partners of Terra XXI, Ltd, a party named in the foreclosure action. Holly is also listed president and general partner of Veigel-Kirk, Inc., another party named in the foreclosure action, and Vicki is listed as general partner and president of Vicki Veigel, Inc., another party in the foreclosure action.

Inc., a general partner of Veigel Farm Partners, an officer of Veigel-Kirk, Inc., and Vicki Veigel, Inc., an authorized agent for Terra Partners and co-trustee of the SSWT Trust to name a few; and because SSWT Trust is listed as a limited partner in Terra XXI's limited partnership agreement. *See Brannock*, 2016-NMCA-030, ¶ 10 ("Privity requires, at a minimum, a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same." (internal quotation marks and citation omitted)). Therefore, SSWT Trust can be found in privity.

**{27}**   Even assuming, *arguendo*, SSWT Trust is not a party in privity, as a matter of law, Defendant at most received redemption rights to the mineral rights of the property at issue. *See Ovecka v. Burlington N. Santa Fe Ry. Co.*, 2008-NMCA-140, ¶ 9, 145 N.M. 113, 194 P.3d 728 ("But when no facts are in dispute and the undisputed facts lend themselves to only one conclusion, the issue may properly be decided as a matter of law."); *Springer Corp. v. Kirkeby-Natus*, 1969-NMSC-045, ¶ 10, 80 N.M. 206, 453 P.2d 376 (holding that, in a case in which an omitted junior mortgagee foreclosed its mortgage, "[t]he only absolute right of a junior mortgagee, as against a senior mortgagee, is the right to redeem from the senior mortgagee."). As stated, the property at issue was sold at the foreclosure sale on May 19, 2015, before the purported conveyance to Defendant on July 9, 2015. The undisputed facts provide that "the court set the redemption period after judicial sale at one month" in accordance with the terms of the 1994 mortgage. As such, the redemption period expired on June 4, 2016, one month after Judge Tatum's May 4, 2016 order approving the foreclosure sale, and Defendant does not point to any effort to redeem the property during that time. *See* NMSA 1978, § 39-5-18 (2007) (providing that real estate may be redeemed by a former defendant owner or any junior lienholder whose rights were determined in the foreclosure proceeding within nine months from the date of sale); NMSA 1978, § 39-5-19 (1965) ("The parties to any such instrument may, by its terms, shorten the redemption period to not less than one month[.]"); *Morgan v. Texas Am. Bank/Levelland*, 1990-NMSC-058, ¶ 11, 110 N.M. 184, 793 P.2d 1337 (holding that the right of redemption arises when the court confirms it and the purchaser receives an interest in the property rendering the "purchase" completed). Based on our review of the record, Plaintiff's failure to name SSWT Trust regarding its mineral rights interest in the lis pendens or in the foreclosure action was inadvertent, and the record does not suggest any intentional omission, considering the numerosity and relatedness of named parties and the nature of SSWT's interest. *See W. Bank, Santa Fe v. Fluid Assets Dev. Corp.*, 1991-NMSC-020, ¶ 19, 111 N.M. 458, 806 P.2d 1048 ("When the mortgagee inadvertently fails to notify a junior lienholder, the mortgagee's equitable rights are not diminished and . . . in the trial court's discretion, the judgment may operate to extinguish the junior lien, with only the right to redeem remaining in the junior lienor[.]"). Accordingly, as a matter of law, once the redemption period expired, any mineral rights, if any, that Defendant could assert as stemming from SSWT Trust expired as well.

## B.   Same Cause of Action

**{28}**   We next consider whether the causes of action between the cases were the same. Defendant argues that the cases differ because the foreclosure case sought to

enforce a promissory note and foreclose a mortgage while the present case is a declaratory judgment action. We disagree.

**{29}** In determining whether the same cause of action is involved, we use the transactional approach, which "considers all issues arising out of a common nucleus of operative facts as a single cause of action." *Fogelson v. Wallace*, 2017-NMCA-089, ¶ 38, 406 P.3d 1012 (internal quotation marks and citation omitted), *cert. granted*, 2017-NMCERT-___ (No. S-1-SC-36666, Nov. 13, 2017). To determine whether there is a common nucleus of facts, we consider "(1) how they are related in time, space, or origin[;] (2) whether, taken together, they form a convenient trial unit[;] and (3) whether their treatment as a single unit conforms to the parties' expectations or business understanding or usage." *Id.* (internal quotation marks and citation omitted).

**{30}** The related foreclosure proceedings between Plaintiff and Terra XXI, a party in privity with Defendant, which involved two promissory notes executed by Terra XXI and secured by property in Texas and New Mexico, have been litigated extensively in Texas state courts, the United States District Court for the Northern District of Texas, the United States Fifth Circuit Court of Appeals, and now in New Mexico courts, with the foreclosure case currently on its fourth appeal before this Court. *See Rabo Agrifinance Inc. v. Terra XXI Ltd.*, 257 F. App'x 732, 733 (5th Cir. 2007); *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, No. CIV. A. 2:05-CV-00314, 2006 WL 2828748 (N.D. Tex. Oct. 4, 2006), *aff'd*, 257 F. App'x 732. The cause of action in this case is closely related in time, space, and origin to the earlier decisions regarding Terra XXI's default and the ensuing foreclosure of the secured properties, which notably includes the property at issue here. *See Rabo Agrifinance Inc.*, 257 F. App'x at 733; *Rabo Agrifinance, Inc.*, No. CIV.A. 2:05-CV-00314. This declaratory action is a mere extension of the foreclosure case because the July 2015 Deed, like the May 2015 Deeds which Judge Tatum declared "null and void," also clouded title to the foreclosed properties whose sale was confirmed by Judge Tatum in May 2016. The question of trial convenience is also self-evident, considering the district court in the foreclosure case could have resolved this summary judgment motion. Finally, the parties' reasonable expectations could not have been undermined because Plaintiff's promissory notes were secured by the property in question, which was subject to the foreclosure proceedings throughout the litigation saga. Moreover, it is undisputed that the related cases reached a final decision on the merits. As such, we conclude that the district court properly applied the doctrine of res judicata.

**{31}** We need not address Defendant's remaining arguments regarding Plaintiff's lack of standing based on federal borrowers' rights protections[4] nor the collateral attack on prior court rulings as void judgments in violation of the bankruptcy's discharge because the claims were or should have been raised in the earlier cases under the doctrine of res judicata. *See Bank of Santa Fe*, 2002-NMCA-014, ¶ 14. Having held that res judicata applies, we need not reach the applicability of collateral estoppel. We conclude

---

4Defendant was assigned the rights to pursue "all [] possible causes of action, rights, interest and control" in the foreclosure case by Terra XXI and Veigel Cattle Co. However, the assignment is necessarily limited to any rights Terra XXI or Veigel Cattle Co. may have held, which means res judicata would apply.

the district court's granting of summary judgment was proper since Plaintiff was entitled to summary judgment as a matter of law and the district court did not err in applying res judicata.

**CONCLUSION**

**{32}**   For these reasons, we affirm the district court's orders denying discovery and granting summary judgment.

**{33}   IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**